GOODWYN vs. HIGHTOWER.　HIGHTOWER vs. GOODWYN.

| 30　249 |
| f108 338|

1. The failure to file a brief of the evidence at the time when the motion for a new trial is made, is cured when the party seeking to take advantage of it has appeared and argued the motion, or has, by his own fault, caused the failure.

2. A creditor holding a debt against a principal and deceased surety, is under no *duty* to give notice of the existence of his debt to the administrator of the surety. He must give notice when he seeks to hold the administrator personally liable for a wrong application of the assets to other claims, but need not do so in order to hold the estate liable for the debt.

3. The surety is not discharged by any such indulgence of the principal as is not granted for a valuable consideration.

Assumpsit, and Motion for New Trial, in Pike Superior Court. Decision by Judge CABANISS, at Chambers, January, 1860.

The above two causes were argued together, and one opinion pronounced, covering and deciding the questions and points made in the bills of exceptions in both cases.

This was originally an action by Goodwyn against Martha J. Hightower, administratrix of Daniel Hightower, deceased, on a promissory note given by one Gaines H. Fryer, who was principal in the note, and Daniel Hightower, defendant's intestate, who was surety only. The suit was brought against both, but Fryer, not being served, it proceeded alone against Mrs. Hightower; and she dying pending the motion for a new trial, James M. Hightower, administrator *de bonis non*, etc., was made the party defendant.

The defense relied upon was, that plaintiff had given indulgence and extended the time of payment, in consideration of usury, and that he had failed and neglected to give to the administratrix notice of his demand within the twelve months as provided by law.

The testimony being closed, the presiding Judge charged the jury, in substance, that it was incumbent on the plaintiff to give to the administratrix notice of his demand within twelve months from the grant of administration; and if deceased was only surety on the note, and by this neglect to give

the notice, defendant had been rendered unable to secure the debt from the principal, and the estate had suffered injury by such neglect, then defendant was discharged ; but if the neglect to give the notice had not caused any injury, and defendant had not thereby been deprived of means of securing her intestate's estate against said debt, then said estate was not discharged.    Mere forbearance to sue will not discharge a surety, but if a binding and valid contract is made by the holder with the principal, without the consent of the surety, to give further time for payment, that is a discharge of the surety.

To which charge plaintiff excepted.

The jury found for the defendant; whereupon, plaintiff moved for a new trial, upon the grounds : that the verdict was contrary to law and evidence, and the charge of the Court, and because the Court erred in the charge aforesaid.

Upon the argument of the motion for a new trial, counsel for defendant moved to amend and correct the brief of the testimony by the addition of a few words left out or omitted by the presiding Judge, who took down the testimony.  Counsel for plaintiff objected to the amendment. The Court overruled the objection, and plaintiff excepted.

Upon the final hearing of the motion for new trial, at Chambers, 19th January, 1860, counsel for defendant moved to dismiss said motion, upon the grounds :

1st.  Because no motion for new trial was made and filed in the Clerk's office at the trial term of said case.

2d.  Because no brief of the oral evidence was filed in the Clerk's office at the trial term.

The Judge refused the motion to dismiss, and defendant's counsel excepts, and this is the error assigned in defendant's bill of exceptions.

The Court, after argument on the merits of the motion for new trial, refused the same, and plaintiff's counsel excepts, and this refusal is the error assigned in plaintiff's bill of exceptions.

G. J. GREEN, and O. C. GIBSON, for defendant.

J. S. PINCKARD, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

1. Nos. 14 and 16 being argued together, one decision covers both cases. No. 16, wherein Goodwyn is the plaintiff in error, is the main case, and Hightower, who is the defendant in error, brings up the other merely as a reason for sustaining the judgment in the first. No. 16 was a motion by Goodwyn for a new trial, and No. 14 was a motion by Hightower to dismiss that motion for certain causes. The Judge overruled both motions, refusing to *dismiss* the motion for a new trial, and refusing the new trial on the merits. The position which Hightower occupies in this Court is, first, that the Judge was right in overruling the motion for a new trial on the merits; and second, that if he was wrong in the merits, he ought to have dismissed the motion for the technical reasons, and so have arrived at the same result of disallowing the new trial. We think the Judge was right in refusing to dismiss the motion for a new trial. The reasons assigned for a dismissal were two, which resolve themselves into the single one, that no brief of the evidence was filed during the term when the motion for a new trial was made. The other ground, that no motion for a new trial was made during the term when the verdict was rendered, is only another form of stating the first ground; for the only showing made in support of it, is the same as that made in support of the other, to-wit: Not that no actual motion was made, but that no valid one was made in conformity with the requisitions of law, the failure consisting in the lack of a brief of evidence. The evidence on this point from Goodwyn's counsel is, that the motion was made during the trial term, and signed by himself, and that he then left the Court under an agreement with Hightower's counsel that *he* (Hightower's counsel) would make out the brief of evidence and file it in due time. Col. Gibson, who was Hightower's counsel, *declined to deny that statement,* saying that his memory would not authorize him to do so, and that he believed his brother to be incapable of making a false statement. If the statement was *true,* it was decisive against the motion to dismiss, for this Court has held repeatedly that the filing of a brief of evidence is waived by appearance and argument of the motion ; and for the additional and still stronger reason, that in this case, the failure was the fault of the party who was seeking to take advantage of it, since a

performance of his agreement would have prevented the failure. That the statement was true, Col. Gibson declined to dispute, and he can scarcely expect the Courts to do for him what he refuses to do for himself. The Judge who heard the case was satisfied of the truth of the statement, and so are we. We think, therefore, he was right in overruling the motion to dismiss.

2. We think he ought to have granted the motion for a new trial, on two grounds: He charged the jury that it was the duty of the holder of the note to give notice of its existence to the administrator of the security within twelve months after the appointment of an administrator. Surely the holder of a note is not under any *duty* to give notice of his debt to the administrator of his debtor, whether that debtor be principal or surety. He is under a *necessity* to do so for one purpose, and for one only: When he seeks to hold the administrator *personally* liable for a failure to get his debt paid out of the assets of the estate according to its legal priority, it is a necessary preliminary step for him to show that he has given notice of his debt before there was a misapplication of the assets to other debts, or that he has given it within twelve months after the appointment of the administrator. It is not necessary for him to do this in order to hold the *estate* liable, but only to make the administrator liable personally for any misapplication of the estate's assets to other debts.

3. We think the Judge also erred in refusing this new trial, on the ground that the verdict was contrary to the evidence. There was a good deal of discussion on this branch of the case, as to what conduct on the part of the holder of a debt will discharge a surety; but there is not in this record the slightest proof of any conduct which could operate as a discharge under any of the rules which were invoked. The evidence shows that the holder indulged the debtors, but there is not the slightest evidence that the indulgence was given for a consideration, or under any legal hindrance to a suit. So far as the evidence discloses the facts, he neither did any act injurious to the surety, nor omitted any which duty required of him. It is well settled that no discharge results to the surety from such indulgence of the principal as is granted to mere entreaty, and not on account of a valuable consideration; for such indulgence being voluntary, is de-

terminable at the will of the creditor, and can be no legal obstruction to the collection of the debt.    No indulgence was shown in this case, except just such as this.    The case being once relieved from the idea that the creditor is under a *duty* to give notice of his debt to the administrator of his debtor, all further difficulty disappears.    We affirm the judgment in No. 14, and reverse it in the main case.

Judgment reversed.