I suppose, or perhaps ten days. Finally Mr. Eichberg came in one day and said, 'Some parties have been talking to my wife, some of our friends, and they have advised her that we sell it too cheap, that she can get more money for the place, and we do not care to sell now unless we can get $11,000 for it.' I said, 'Mr. Eichberg, we have sold the place; we have complied with the terms of the sale; we have done all we can do as real estate men; you seem to have made an effort to get the papers, and now you come up here this morning and want to withdraw it.' I said, 'I simply refer you to our attorneys, Mayson & Hill.' He talked around then and said, ' Well, you cannot get nothing nohow.' " The objection was, that this testimony was not in rebuttal, defendant's counsel having before objected to the same character of testimony, when offered in chief, because it could not affect and bind defendant unless the declarations of Eichberg were made in her presence or with her assent, and because said declarations were irrelevant; and the court had sustained the objections.

JOSEPH H. SMITH, for plaintiff in error.

MAYSON & HILL, contra.

---

THE STEWART PAPER MANUFACTURING COMPANY v. RAU.

92 511
d95 213
92 511
103 129
92 511
117 493
92 511
125 229

1. Several persons while partners carrying on business at a given place, having had themselves incorporated by the superior court under the name which they had previously used as partners in the business, for the purpose of carrying on a like business at the same place, their petition for incorporation reciting that the capital stock of "thirteen thousand dollars in lands, machinery, water-power, money, other material and property " was fully paid in, and the order incorporating them containing a recital to the same effect, and such persons having afterwards continued the business under the same name and at the same place, they will not be heard to deny the existence of the corporation, as against

a creditor who gave credit after the charter was granted, and without notice of the business being afterwards conducted by the partnership rather than by the corporation.

2. Drafts are not payment until they themselves are paid, there being no evidence that they were taken expressly in payment.

May 29, 1893.                                        *Judgment affirmed.*

Complaint on account. Before Judge Richard H. Clark. Rockdale superior court. September term, 1892.

Rau sued "The Stewart Paper Manufacturing Company, a corporation chartered by the superior court of said county," and obtained a verdict. A motion for new trial was overruled, and defendants excepted. The plea relied on was: "This defendant says, that it is not a corporation; that the order of the superior court making the parties a body corporate, granted on the ——— day of 1886, was never accepted by the parties, nor did they organize the company mentioned in said order, nor did they exercise the powers granted by said order within two years from its passage nor at any other time, nor was there any acceptance of said act or order of incorporation, nor any attempt to exercise the powers conferred by it, at any time since its passage; that defendant acted, in the purchase of the articles set out in plaintiff's declaration, in the capacity of a firm and not a corporation."

The motion for new trial contained the grounds, among others, that the action could not be maintained against defendants as a corporation, because there was no testimony showing that they were a corporation; and that the evidence showed that the account sued on had been merged into drafts drawn by plaintiff on defendants and accepted by them, which accepted drafts were still held by plaintiff. A further ground assigned error upon the court's charge, for the principle of which see the first head-note.

HENRY JACKSON and J. R.. IRWIN, for plaintiffs in error.
J. N. GLENN and ABBOTT & SMITH, *contra.*

---

### HOWLAND *v.* BROWN.

92 513
105 614
92 513
126 436
92 513
f129 785

Where processioners have duly made out and certified a plat as required by law, and no protest is filed to the same, such plat and the lines marked thereon are only *prima facie* correct; but where an adjoining land-owner files a protest to the action of the processioners, and the same is returned to the superior court, where a verdict is rendered sustaining the return of the processioners, and such return is made the judgment of the court, the judgment is conclusive against the protestant and his privies in title.
May 29, 1893.        *Judgment affirmed.*

Ejectment. Before THOMAS B. FELDER, Jr., judge *pro hac vice.* Emanuel superior court. April term, 1892.

Maggie Howland sued Sarah E. Brown for certain·land. It appeared that the plaintiff claimed under a ·deed from Wiley Nasworthy, dated December 14, 1889. ·On December 14, 1886, upon the application of Sarah E. Brown, processioners, by virtue of an order of the ·ordinary, made a return showing certain lines as bounding the land of Sarah E. Brown, to which return Wiley Nasworthy filed a protest on several grounds. Upon this a verdict was rendered in the superior court in favor ·of the return of the processioners; and thereupon judgment was entered, October 23, 1889, that the return of the processioners be made the judgment of the court, ·etc. It further appeared from .the evidence, and was .admitted, that the premises sued for lay between defendant's land and the line which was disputed before the processioners but which was found by them as the ·true line between the land of defendant and· that of Nasworthy. The court directed a verdict for defendant, which ruling was assigned as error.

v 92-33