## BROOKE *v.* DAY *et al.*

1. Where several persons unite to form a corporation, apply for and obtain a certificate of incorporation, inaugurate and conduct the business described in the application for incorporation in the corporate name, and contract a debt in behalf of the corporation during the course of the business, they will not be held liable as partners by reason of a defective organization of the corporation.
2. If, however, after obtaining the charter, they do no act indicating acceptance of the charter, or colorable compliance with its requirements, or user of the rights claimed thereunder, they will be liable as partners to third persons dealing with them, not in any corporate capacity, but as individuals using the corporate name solely as a trade name.

Submitted June 19,—Decided December 21, 1907.

Complaint. Before Judge Gober. Milton superior court. May 4, 1906.

*Arnold & Arnold,* for plaintiff.

*Smith, Hammond & Smith,* for defendants.

EVANS, P. J. Brooke brought his action against Day, Wood, Hardin, Parker, and Anderson, for an amount alleged to be due upon four promissory notes, signed "Roswell Hdw. Co. (Seal), per C. F. Wood. (Seal)," payable to the Beck & Gregg Hardware Company, and by it indorsed to plaintiff. The original petition alleged: "The defendants hereto petitioned Cobb superior court for the granting of a charter to the Roswell Hardware Company. The capital stock was to be $3,000, with the privilege of increasing the same to $10,000. The defendants were the petitioners for incorporation. The business proposed to be conducted was a hard-

ware business at Roswell in Cobb county, Georgia. Plaintiff alleges that the defendants, after the granting of said charter, embarked in the business therein proposed to be conducted, under the name of the Roswell Hardware Company. Plaintiff alleges, however, that there was never any legal organization. The business was started by the defendants hereto, and all the defendants participated in the conducting thereof, and it is alleged that the capital stock of the corporation was never subscribed for, nor was the same ever paid in, nor was the same ever issued. The defendants, however, held out said business to the world as that of the Roswell Hardware Company, and bought and sold goods, and contracted debts. Plaintiff is a creditor of defendants, his debt having been contracted by the defendants in the operation of the said hardware store so conducted by them, as aforesaid. Plaintiff's indebtedness amounts to $1,695.38 principal, besides interest at 8 per cent. [per] annum thereon. Said indebtedness is evidenced by four promissory notes, described as follows, and which will be exhibited to the court: The first note, dated August 12, 1903, and signed in the name of the Roswell Hardware Company by C. F. Wood (plaintiff alleging that this is the name under which the defendants, as partners, did business), for the sum of $538 principal, with interest at 8 per cent. per annum, and due December 15, 1903, and payable to the Beck & Gregg Hardware Company. This note was properly indorsed to plaintiff." After fully describing the other three notes, the plaintiff alleges, that under the facts aforesaid, the defendants being the petitioners for incorporation, and having inaugurated said business and conducting the same, and having failed to legally organize the corporation, having failed to subscribe for or pay in or even issue the capital stock, and having failed to accept the charter,—as joint operators of said business they are liable to the plaintiff as partners, the plaintiff's debt having been contracted for goods and supplies furnished to said business, and the said defendants so conducting said company. Plaintiff alleges that the business name adopted by the defendants, and which they held out as representing said business, was that of the Roswell Hardware Company. Plaintiff avers that the defendants are liable upon the notes and upon the indebtedness which the notes represent, because of the fact that the same represents supplies furnished the business; and he brings this suit against the

defendants as joint and several promisors, and as joint contractors, and as copartners. The defendants specially demurred to the petition, on the ground that it was duplicitous in the manner of declaring upon defendants' liability. The plaintiff undertook to remove this objection by an amendment, which in substance alleged, that there had never been any legal organization of the corporation; that in doing the business in the corporate name without corporate organization, the defendants adopted such name as a business name; and that the payee of the notes sued on never dealt with them as a corporation, but as proprietors of the business; and that defendants knew they were not a corporation. There was also a general demurrer, and other grounds of special demurrer. The court sustained the demurrer, and dismissed the petition.

If several persons obtain a charter to do a particular business, and thereafter engage in the business without doing any act indicating an acceptance of the charter, or colorable compliance with its requirements, or user of the rights therein claimed, they will be deemed partners relatively to creditors who did not deal with them as a corporation. Unless something is done towards organization, so as to show an intention to conduct the business as a corporation, it will be presumed to be an individual enterprise. Parsons on Partnership (4th ed.), §56. But where several persons unite to form a corporation, apply for and obtain a certificate of incorporation, inaugurate and conduct the business described in the application for incorporation, and in the corporate name contract a debt in the course of the business as a corporate liability, they will not be held liable as partners by reason of a defective organization of the corporation. 2 Morawetz on Priv. Cor. (2d ed.) §748. In order, however, to constitute a corporation de facto so as to exempt the members of the association from liability as partners, there must be a charter or law under which such corporation could exist with the powers it assumes to exercise, and a colorable compliance with the requirements of the charter or the law, and a user of the rights claimed under the same. *Brown v. Atlanta Railway Co.,* 113 *Ga.* 468 (39 S. E. 71). Third persons dealing with an association as a legal entity, capable of transacting business, and contracting with it as such, are estopped from denying the legality of its corporate existence, or its rights to contract as such. *Petty v. B. & W. Ry. Co.,* 109 *Ga.* 666 (35 S.

E. 82) ; *Planters & Miners Bank* v. *Padgett*, 69 *Ga.* 159 ; *Imboden* v. *Etowah Mining Co.*, 70 *Ga.* 86. The petition is so framed that some difficulty is presented in the application of these principles to the pleaded facts. While it is alleged that the notes upon which the action is predicated were given in the corporate name, it is also alleged that the members of the association were not acting as a corporate entity, but used the corporate name as a trade name. The allegations respecting the inauguration of the business and its conduct, and the manner in which the payee of the notes dealt with the defendants, disclose no act referable to the charter after its procurement. Individuals who embark in a business can not escape a personal liability because prior thereto they had secured a charter to conduct a business of the character in which they have engaged. They must do some act manifesting an attempt at corporate organization. If the corporation be defectively organized, the corporators will not be liable to third persons who deal with them as a corporation. The petition, however, negatives any act indicating an organization under the charter, and an intention to claim the rights conferred thereunder. It is charged that at the very beginning they never accepted the charter; that they failed to perform the first act usual and customary in the organization of a corporation, to wit, subscribe for the capital stock or pay in any part thereof, or issue certificates to shareholders; and it is further alleged that the defendants knew they were not a corporation, and that the payee of the notes never contracted with them as a corporation, and that the defendants did business as partners under the name of the Roswell Hardware Company. The case is before us on demurrer, and the allegations of the petition must be taken as true. From these allegations we are forced to the conclusion that if the debt evidenced by the notes was contracted in the manner and under the circumstances alleged in the petition as amended, the defendants would be liable as partners. But if on the trial it should appear that the corporators did some act towards the organization of the corporation under the charter, and exercised some of the powers conferred by its charter, however defective the organization may have been, they would not be liable as partners. Or if it appears that the payee of the notes contracted with the defendants as a corporation, the plaintiff would be estopped from denying that the notes sued on were a corporate debt.

*Judgment reversed. All the Justices concur, except Holden; J., who did not preside.*