### 6572.  FUTCH v. THE STATE.

WADE, J.  The evidence required either that the defendant be convicted of murder, or that he be acquitted on the ground that the killing was justifiable homicide.  It was therefore error for the court to instruct the jury upon the law of voluntary manslaughter.    *Judgment reversed.*
DECIDED AUGUST 5, 1915.

Indictment for murder—conviction of manslaughter; from Calhoun superior court—Judge Cox.  April 12, 1915.

*Smith & Miller, E. B. Askew, C. J. Taylor, W. D. Sheffield,* for plaintiff in error.

*R. C. Bell, solicitor-general, Claude Payton, Hall Calhoun, F. A. Hooper,* contra.

---

### 6021, 6022.  PILGRIM HEALTH AND LIFE INSURANCE COMPANY
### v. GRAY; and *vice versa.*

BROYLES, J.  1. The contract provided that "sick benefits will not be paid unless member is confined to bed; and members will be required to furnish the company a certificate for each week during their disability, or no benefits will be paid."  There being no evidence to authorize the conclusion that any officer of the defendant company, empowered in its behalf to waive the conditions of the contract of insurance, waived the stipulation of the contract which required the plaintiff to make a weekly report of his condition during the continuance of the disability, and the plaintiff admitting that only one such claim was filed by him, a judgment in his favor for more than one week's disability was unauthorized.

2. A motion to dismiss an appeal to the appellate division of the municipal court of Atlanta, upon the ground that there had not been an unconditional approval of the brief of evidence by the trial judge, came too late, under the provisions of section 3 of the act of 1911 (Acts 1911, p. 150); for the trial judge had necessarily passed upon the motion, by refusing it, before the appellant could appeal to the appellate division.  Under the act of 1911, supra, the proper procedure would have been to move before the trial judge, upon the hearing of the motion for a new trial, to dismiss the motion because no proper brief of evidence had been filed.  The judgment upon the cross-bill of exceptions is therefore affirmed.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill.*
DECIDED AUGUST 6, 1915.

Action on insurance policy; from municipal court of Atlanta. September 1, 1914.

*Lawton Nalley,* for plaintiff in error.   *C. D. Maddox,* contra.