## 6224. TODD *v.* STEWART.

A garnishment based on a judgment against a corporation can not subject money belonging to an individual.

DECIDED SEPTEMBER 17, 1915.

Levy and claim; from city court of Atlanta—Judge H. M. Reid. November 6, 1914.

*Walter A. Sims, McCallum & Sims,* for plaintiff.

*J. B. Stewart,* for defendant.

WADE, J.   Todd contracted with a concern known as the "Newsom Stable Company," acting upon the statement of the manager in control of its business that it was a partnership composed of the said manager and one Stewart.   At the completion of his contract Todd accepted certain notes signed with the name of the company by its manager, and upon one of these unpaid notes he instituted suit against "Newsom Stable Company," without alleging that the concern was a partnership, and obtained judgment accordingly, binding the assets of a corporation of that name, if such corporation existed and had been properly served; since, in the absence of any allegation to the contrary, the name imported a corporation, and also, according to the evidence, "suit was brought on this note against the Newsom Stable Company, a corporation."   The "Newsom Stable Company" was in fact not a corporation, no stock had ever been subscribed for, no charter had ever been accepted, no organization had been effected, no shares issued, and, though a charter had been applied for and granted by the court, the plaintiff was not induced thereby to deal with "Newsom Stable Company," nor did he even discover that an order granting the charter had been passed until after he completed his contract, accepted notes for the balance due thereon, collected the larger part of the indebtedness represented by the said notes, and was undertaking to sue on the remaining unpaid note.   The plaintiff garnished funds in bank to the credit of "Newsom Stable Company," but the answer of the bank was traversed by Stewart, the apparent owner of the business conducted under the name of "Newsom Stable Company," who claimed as his individual property the fund deposited in the bank under that name.   There was no conflict in the evidence on any material point, and the court directed a verdict in favor of the claimant and against the plaintiff.

It is too well settled to require citation of authority, that where individuals commence business as a corporation and hold themselves out to the world as such, before obtaining a charter and effecting an organization, each of them is liable as a partner, notwithstanding no charter is ever actually applied for or obtained, or no organization under charter is effected.   Here it appears that the original contract was made, as the plaintiff intended and understood, with a firm, relying upon the credit of the firm, and with no knowledge whatever that the firm, or the individual trad-

ing in the name of "Newsom Stable Company," had ever applied for or even contemplated incorporation. The case at bar is therefore distinguished on its facts from *Stewart Paper Co.* v. *Rau,* 92 *Ga.* 511 (17 S. E. 748). The plaintiff could possibly have proceeded against the individuals who made an abortive attempt to organize a corporation to be known as "Newsom Stable Company," for any debts due him which were incurred under the corporate name or by the proposed incorporators, but such a suit must have proceeded to judgment against the individuals themselves before private property belonging to them could be subjected to any judgment obtained therein.

In the case under consideration judgment was obtained against the corporation alone, and the proof did not show that such a corporation had ever existed or attempted to do business, or that "Newsom Stable Company" had ever held itself out to the world as a corporation. Funds were in bank to the credit of "Newsom Stable Company," but the concern was not and had never been a corporation, and the funds in question belonged to J. B. Stewart individually, doing business under that name, and hence could not be subjected to a judgment against the corporation. Had Todd sued Stewart as doing business in the name and style of "Newsom Stable Company," and obtained judgment against Stewart, the fund in bank belonging to Stewart might have been subjected to the judgment, by proper garnishment proceedings. The plaintiff clearly can not subject, under a garnishment proceeding, funds which, according to the undisputed testimony, belonged to Stewart alone, to the payment of a judgment not against Stewart or against Stewart doing business as "Newsom Stable Company," but against the "Newsom Stable Company," a corporation. In other words, a judgment against a corporation can not hold funds belonging to an individual. *Judgment affirmed.*