9337

WILLIAMS v. HARDEN.

(88 S. E. 291.)

1. APPEAL AND ERROR — REVIEW — SUFFICIENCY OF EVIDENCE. — Where there was evidence to sustain the reversal of a magistrate's judgment by the Circuit Court, its sufficiency is not a question for the Supreme Court.

2. MAGISTRATES—APPEAL—PROCEEDINGS—READING RECORDS.—The statute requiring an appeal from the magistrate's Court to be heard on all the papers in the case does not require all the testimony, exceptions, and returns to be read on the appeal.

3. APPEAL AND ERROR—EXCEPTIONS—SUFFICIENCY.—An exception to the judgment of the Circuit Court on appeal from a magistrate's Court, because the material facts in the case were undisputed and the judgment was one of law and was against the facts in evidence and against the law and was an error of law, does not state the error complained of.

4. APPEAL AND ERROR—REVIEW—ERROR FAVORABLE TO APPELLANT.—In an action for the possession of a cow held by defendant under a bill of sale to secure the repayment of $15, where the jury in the magistrate's Court gave a verdict for defendant for $8 damages only,

defendant could not complain that on appeal the Circuit Court rendered a judgment giving possession of the cow to plaintiff on paying the $15 secured by the bill of sale.

5. MAGISTRATES—APPEAL—REVERSAL—REASONS.—The Circuit Judge in reversing the judgment of a magistrate's Court need not state his reasons.

6. MAGISTRATES—APPEAL—DETERMINATION.—Under the statute providing that the Circuit Court on the hearing of an appeal from the magistrate's Court shall give judgment according to the merits of the case without regard to technical errors and defects, the Court can reverse and modify the judgment of the magistrate's Court; its power not being limited to either reversing or modifying or affirming.

7. APPEAL AND ERROR—REVIEW—EXCLUSION OF EVIDENCE—DETERMINATION OF FACT.—On appeal to the Circuit Court from a magistrate's Court, in an action for the possession of a cow for which a bill of sale was given by plaintiff to secure the return of $15 loaned by defendant to her husband, and which defendant refused to return until the husband's entire indebtedness of $65 was paid, the exclusion of evidence that plaintiff declared that they could not pay the debt secured by the bill of sale was not erroneous, since it might have referred to the whole debt claimed by defendant, and whether it did or not cannot be determined by the Supreme Court.

8. COSTS—SET-OFF.—There is no question of set-off under Code Civ. Proc. 1912, sec. 411, providing that, if on appeal a recovery be had by one party and costs be awarded to another, the appellate Court shall set off to one against the other and render judgment for the difference, where the Circuit Court on appeal from the magistrate's Court in an action for the possession of a cow awarded the possession to the plaintiff with costs on condition that she pay the defendant the amount secured by a bill of sale of the cow to him.

Before MAULDIN, J., Barnwell, March, 1915. Affirmed.

Action by Lavinia Williams against J. R. Harden. Judgment for the plaintiff in the Circuit Court on appeal from a magistrate's Court, and defendant appeals.

The order of the Circuit Judge, settling the case for appeal, states the principal facts, and is:

"The plaintiff brought an action for claim and delivery against the defendant for the possession of a cow and calf of the alleged value of $60, the cow having been seized by

the defendant under a bill of sale, alleged to have been given by plaintiff to the defendant to secure the sum of $15. The testimony of the defendant and his wife on the points urged on the hearing before the Circuit Judge is as follows (reduced to narrative form and without repetition) : 'Mrs. Harden says the defendant, John R. Harden, is my husband. I was present and saw the plaintiff, Lavinia Williams, and her husband, Columbus Williams, sign a bill of sale to John R. Harden to secure the sum of $15. I paid the money myself for John. It was John's money. Q. Was there any agreement between Columbus and Mr. John R. Harden as to the time when the $15 was to be paid? A. He said that he only wanted it for a few days. The money has not been repaid. That she kept the books for her husband, and after refreshing thereon, says that Columbus owed Mr. Harden when he left the place $65.57, which included the $15 advanced. The plaintiff objected, and the magistrate ruled that the account cannot be taken out of Lavinia's property. On cross-examination, she stated that Columbus Williams and Mr. Wilkinson offered Mr. Harden a draft in settlement of the $15, which I refused, but told him I would take it as part payment. The draft had been sent to Mr. Holly, and she and her husband saw Mr. Holly that night, and we told him he (Columbus) was due some $65 and a few cents, that we would accept the draft as far as it went, and that we considered the draft good for the $15, so far as it went. The defendant, J. R. Harden, says Lavinia gave me a bill of sale of the cow, and I seized her under that paper. The bill of sale was given for $15, and they were to pay it back in a few days. It has never been paid back. Columbus and Mr. Wilkerson came to my house with a draft for $15, and I refused to accept it because he owed me more. I told him I would take it as far as it went; that I was entitled to more. I told them Columbus owed me $67.50. I saw Mr. Holly that night and told him that I did not fail to

take the draft of Mr. Holly's on account, but that Columbus owed me $65, and that I would take the draft as far as it went. I have (been) offered no interest, or pay for trouble in keeping the cow.'

"The testimony fails to show any demand by the defendant for the payment of the $15 before seizure of the cow."

Order settling the case:

"Upon the hearing of the appeal, the testimony was not read in full, nor were the exceptions read in full, nor was the return of the magistrate read in full; but the presiding Judge asked on each side of the case to state the issues raised by the exceptions from the judgment of the magistrate; and this was done, as the presiding Judge then understood satisfactorily to counsel for both sides, and so much of the testimony was read and considered as was suggested to have a bearing upon the issues upon which the presiding Judge based his order in the case. At the conclusion of the hearing, and after the presiding Judge announced his decision, the attorney for the defendant-appellant made complaint in open Court that the testimony had not been read in full, whereupon the presiding Judge stated in substance that, if the attorney for the defendant-appellant thought any material issue in evidence had been overlooked, he would then reopen the whole case and have all the testimony and all the record in full, to which the said attorney replied in substance that he would not insist on that."

Verdict: "We find for defendant face value of paper and expense to date. Amount $8.40."

Order of Circuit Judge: "This matter comes before me on appeal from the magistrate's Court, and, after a careful consideration of all the issues, I am of the opinion that the judgment of the magistrate should be reversed, and that upon the payment to the defendant of the sum of $15 by the plaintiff, or some one in her behalf, that the cow and calf be surrendered to the plaintiff without further costs. It is

so ordered and made the judgment of this Court.   T. J. Mauldin, Presiding Judge.   April 3, 1915."

From this order, the defendant appealed.

*Mr. R. A. Ellis,* for appellant, submits: *Demand unnecessary:* 4 A. & E. Enc. Law, 558; 9 *Ib.* 214.   *Findings of fact not reviewable:* 39 S. C. 55 and 338.   *Cross-examination:* 16 S. C. 551; 25 S. C. 318.   *Hearing on appeal:* 76 S. C. 359; 29 A. & E. Enc. of Law 1107.   *Question of law:* 81 S. C. 462.   *Costs:* Code Civ. Proc., secs. 411 and 412.

*Mr. James A. Willis,* for respondent, submits: *Findings of fact not reviewable:* 79 S. C. 200.   *Demand:* 38 S. C. 363; 62 S. C. 363; 30 S. C. 177.   *Tender:* 22 A. & E. Enc. of L. 880; 16 S. C. 431; 2 Greenleaf Ev. 601.   *Judgment on appeal:* Code Civ. Proc., sec. 407.

March 15, 1916.

The opinion of the Court, after reciting the foregoing statement of facts, was delivered by MR. JUSTICE FRASER.

There are eight exceptions.

1. "That the Court reversed the judgment below without any evidence whatever, to support the said judgment of reversal; whereas, he should have affirmed the judgment below on the ground that the entire evidence supported the verdict of the jury in the magistrate's Court."

There was evidence to sustain the judgment of reversal, its sufficiency is not for this Court.

2. "The defendant excepts on the ground that at the hearing of the appeal neither the testimony, nor the exceptions nor the return of the magistrate was read as is required by law; but the said judgment of reversal was rendered simply on statements made by the attorneys of what was in the record."

The statute says the appeal shall be heard by the Court upon all the papers in the case. The statute does not say all the papers shall be read. Cases are heard in this Court upon the record, but it is exceedingly bad practice to read the entire record.

3. "The said defendant further excepts to the judgment of the presiding Judge because the material facts in this case were undisputed, and, where the facts are undisputed, then the judgment becomes one of law, and in this case the judgment of the Court in reversing the judgment below against the facts in evidence and against the law was an error of law."

This exception does not state the error complained of.

4. "Because the Circuit Court, in holding that on payment of $15 by the plaintiff-respondent to the defendant-appellant that then the defendant-appellant should surrender the mortgaged property to the plaintiff-respondent; whereas, he should have held that only on payment of the amount due the defendant-appellant with the costs of the magistrate's Court should the property be surrendered to the said plaintiff-respondent."

On this the appellant certainly has no right to complain. Upon this verdict only a money judgment could be entered. The case fails to show any foundation for the expense of $8.40. A money judgment could only be sustained for the $15, and his Honor in furtherance of justice made this practically a lien on the property.

5. "The defendant-appellant further excepts on the ground that the presiding Judge erred in reversing the judgment of the magistrate's Court without stating in his order of reversal the grounds for such reversal."

This Court has been referred to no rule or law that requires a Circuit Judge to state his reasons for his rulings, and we know of none.

6. "The defendant-appellant further excepts on the ground that the presiding Judge erred in both reversing and modifying the judgment below; whereas, the statute only provides for three dispositions of the judgment of the magistrate's Court; that is to say, to affirm, reverse, or modify, and, if this intention was to reverse the judgment below, then he should have remanded the case to the magistrate's Court for a new trial."

The provision of the statute is very broad and allows much latitude in the judgment:

"Upon hearing the appeal the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects."

7. "The defendant-appellant further excepts on the ground that the presiding Judge erred in excluding from consideration all of the testimony material to the appellant's case, particularly that portion of the defendant, John R. Harden's testimony, in which he states that the plaintiff-respondent declared to him before he seized the property in dispute that they, meaning herself and husband, could not pay the debt secured by the bill of sale, and that he then demanded the property in dispute; whereas, he should have considered the · said testimony and rendered judgment affirming the judgment below."

That depends upon what debt the plaintiff ·referred to. The appellant stated that the bill of sale was given for $15 cash advanced to the husband of the respondent. The appellant demanded that respondent pay not only this debt, but $50 more. The record does not show any ground upon which the respondent's property could be held to pay the debt of her husband other than the $15. Whether the demand was for $15, the amount for which the respondent was responsible, or for $65, for which she was not responsible, was a question of fact upon which this Court cannot pass.

8. "The defendant-appellant, subject to the above exceptions, further excepts to the judgment herein, on the ground

that his Honor, the presiding Judge, erred in not setting off the costs awarded to the plaintiff-respondent, against the recovery awarded by him to the defendant-appellant, and rendering judgment for the balance; whereas he should have so framed his judgment, as provided by section 411 of the Code of Civil Procedure of 1912."

There is no question of set-off in this case.

The judgment is affirmed.