*W. F. Way,* for plaintiff.

---

### 12252. ADAMS *v.* OVERLAND-MADISON COMPANY.

JENKINS, P. J. 1. Where a petition alleged that a named defendant was a corporation, and a default verdict and judgment were taken against it as such, and thereafter an individual filed a verified petition in the nature of a motion to vacate and set aside the verdict and judgment, upon the ground that the name in which defendant was sued and the verdict and judgment taken was not in fact that of a corporation, but was only the trade name of the petitioner, who owned

the business as an individual, and that no such corporation existed, and upon the further ground that the judgment was void in that no service had been perfected, because the person served by the sheriff as the defendant's agent in charge of the business was not such an agent, and where the petition as amended traversed the sheriff's return of service and duly made the sheriff a party thereto, and the petition was filed at the term of court at which the judgment was rendered, and showed proper diligence by the petitioner and his counsel after knowledge of the judgment, and showed also a meritorious defense to the original suit, and where on a hearing of both parties, after rule nisi served upon the plaintiff, the allegations of the petition were fully supported by evidence, it was not error for the court to set aside the verdict and judgment and to reinstate the case.

(a) Although in the trial of the issues stated above there was evidence that the petitioner and others had filed in the superior court an application for charter as a corporation, which was granted, the evidence was undisputed and demanded a finding that such charter had never been accepted by the incorporators, and that, 'as there had never been a user of the corporate franchise, there was in fact no such corporation. *Brooke* v. *Day*, 129 *Ga.* 696 (59 S. E. 769); *Franklin Bridge Co.* v. *Wood*, 14 *Ga.* 80. Nor was there, under the evidence, any corporation de facto or by estoppel (*Stewart Paper Co.* v. *Rau*, 92 *Ga.* 511, 17 S. E. 748), since there was neither allegation nor proof of any holding out to the public as a corporation, other than the mere employment of such trade name by the individual owner; nor was there allegation or proof of any loss or injury thereby to plaintiff.

(b) The evidence as to service showing that the person served had been merely a helper of the movant, and that during the movant's absence, when the service was made, the person served only carried the keys and looked after the gasoline and other sales of the garage and collected, and had no authority to sell cars or other authority, a finding for the movant was authorized, if not demanded, that the person served was not an agent in charge of the business or one upon whom service could be made which would bind the movant. *Welman* v. *Polhill*, R. M. *Charlton*, 235, 4 Am. D. 708; *Smith* v. *Southern Ry. Co.*, 132 *Ga.* 57, 62 (63 S. E. 801).

2. The refusal to sanction the writ cannot, however, be sustained upon the grounds argued, (1) that the original judgment rendered by the trial judge was a nullity because the defendant was not chartered as a corporation, or, if so chartered, because the evidence showed that the trial judge was a stockholder and disqualified from presiding, or (2) that even if such judgment was not a nullity for either of these reasons, the right to open such default was, under section 5656 of the Civil Code (1910), left to the discretion of the trial judge; since the evidence showed that a charter was in fact granted to the defendant as a corporation; nor does the record show that the question of disqualification had ever been raised by either party at any time, and, even if the fact that the judge had been one of the original applicants for the charter could itself be taken as sufficient to establish the fact that he was a stockholder at the time the case was tried, any such disqualification must be accounted as impliedly waived (*Meeks* v. *Guckenheimer*, 102 *Ga.* 710, 29 S. E. 486; *Beall* v. *Sinquefield*, 73 *Ga.* 48; *Shuford* v. *Shuford*, 141 *Ga.* 407 (3), 81 S. E. 115; *Berry* v. *State*, 117 *Ga.* 15, 43 S. E. 438); nor does the act of 1895 (Civil

Code, § 5656), vesting discretionary powers in the trial judge to open defaults, have application where there has been a final judgment (*Mathews* v. *Bishop,* 106 *Ga.* 564, 32 S. E. 631; *O'Connell* v. *Friedman,* 118 *Ga.* 831, 832, 45 S. E. 668; *Tenn. Oil & Gas Co.* v. *American Art Works,* 10 *Ga. App.* 45, 46, 72 S. E. 517), yet, as the setting aside of the verdict and judgment was fully authorized under the procedure taken, and as the evidence offered in support thereof indisputably shows that there had never been any acceptance of the charter or any use of the corporate franchise, and, moreover, since in any event the evidence authorized the finding that no legal service had been perfected, the judge of the superior court did not err in refusing to sanction the petition. *Little* v. *Jefferson,* 9 *Ga. App.* 878 (72 S. E. 436); *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (91 S. E. 244); *Barksdale* v. *Security Inv. Co.,* 120 *Ga.* 388 (47 S. E. 943); *Matthews* v. *Thomaston,* 21 *Ga. App.* 496 (2) (94 S. E. 631); 5 Enc. Proc. 655, 656, and notes.

3. While a motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for a new trial, and is subject to all the rules of law governing such motions, so as to require a brief of the evidence (*James* v. *Douglasville Banking Co.,* 26 *Ga. App.* 509 (106 S. E. 595); *Ga. Ry. & El. Co.* v. *Hamer,* 1 *Ga. App.* 673 (58 S. E. 54) ), yet where the judge has finally passed on the merits of such a motion and the parties have raised no question as to the filing or approval of the brief of evidence, but have acquiesced in his entertaining the motion at that time, no such question can be entertained by the reviewing court, especially where the evidence in the original trial is immaterial to the questions presented by the motion. *Marietta Fertilizer Co.* v. *Gary,* 22 *Ga. App.* 604 (2) (96 S. E. 711); *Goodwyn* v. *Hightower,* 30 *Ga.* 249; *Cook* v. *Childers,* 94 *Ga.* 718 (19 S. E. 819); *Pilgrim Health Ins. Co.* v. *Gray,* 16 *Ga. App.* 692 (2) (85 S. E. 970); Civil Code, § 6090 (a); *Springer* v. *Owen,* 145 *Ga.* 730 (89 S. E. 780).

*Judgment affirmed. Stephens and Hill, JJ., concur.*
DECIDED NOVEMBER 1, 1921.

Certiorari; from Morgan superior court — Judge Park. February 3, 1921.

*M. C. Few,* for plaintiff.   *A. G. Foster,* for defendant.