17494. BELL BROTHERS MARBLE CO. *v.* AMERICAN SECURITIES CO.

BELL, J.   1. The name of the defendant, Bell Brothers Marble Company, imports a corporation. *Quitman Oil Co.* v. *McRee*, 18 *Ga. App.* 128 (2) (88 S. E. 291); *Todd* v. *Stewart*, 17 *Ga. App.* 113 (86 S. E. 284).

2. In the absence of express charter power to do so, no corporation organized under the laws of this State has authority to lend its credit for the mere accommodation of third persons,—as by a contract of suretyship or of accommodation indorsement. *First National Bank* v. *Monroe*, 135 *Ga.* 614 (69 S. E. 1123, 32 L. R. A. (N. S.) 550); *Houser* v. *Farmers' Supply Co.*, 6 *Ga. App.* 102 (1) (64 S. E. 293).

3. A note payable to A, signed at the bottom by B, and bearing upon the back the signature of C, a corporation, as first indorser, is prima facie the note of B as principal, and of the corporation as an accommodation indorser or surety. A person holding such a note under the indorsement of A, the payee, is, in the absence of anything to the contrary, deemed to have had notice, from the paper itself, of the corporation's relation thereto as an accommodation indorser. *Bank of Madison* v. *Bell*, 30 *Ga. App.* 458 (1) (118 S. E. 439); *Taff* v. *Larey*, 29 *Ga. App.* 631 (1) (116 S. E. 866), and cases cited.

4. A purchaser of a promissory note, who has knowledge that one of the indorsers is a corporation which has indorsed for accommodation only, can not assume that the corporation had authority, under its charter, to enter into such a contract. *Savannah Ice Co.* v. *Canal-Louisiana Bank*, 12 *Ga. App.* 818, 823 (79 S. E. 45).

5. In this action against a corporation as an indorser of a promissory note, it appearing from the evidence that the defendant's indorsement was merely for accommodation, and that the plaintiff, in taking the note, was charged with knowledge of this fact, and it further appearing, from the evidence, that the defendant, under its charter, had no authority to make such indorsement, and therefore that its act in doing so was ultra vires, as alleged in the defendant's answer, the plaintiff was not entitled to recover, and the court erred in directing a verdict in the plaintiff's favor.

(*a*) This case is distinguishable from the case of *Jacobs Pharmacy* v. *Southern Banking & Trust Co.*, 97 *Ga.* 573 (25 S. E. 171), since in that case the defendant corporation made the note payable to itself and thereafter indorsed it as payee, thus surrounding the transaction with such circumstances as warranted the purchaser in assuming that the indorsement was for value and in due course, and that the corporation had acted within its corporate authority as a trading corporation, au-

---

Corporations, 14a C. J. p. 732, n. 60; p. 736, n. 15; p. 738, n. 53, 54, 56; p. 817, n. 54.

thorized by its charter to make and indorse promissory notes for value in the course of its business.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 24, 1927.

Complaint; from Clarke superior court—Judge Fortson. May 18, 1926.

*James W. Arnold,* for plaintiff in error.   *W. K. Meadow,* contra.