## 34700.  BRYAN *v.* RUSK.

DECIDED  NOVEMBER  7, 1953.

*Grover C. Willis, Jr., Wm. H. Leonard,* for plaintiff in error.

*J. Willard Register, Foley, Chappell, Kelley & Champion,* contra.

QUILLIAN, J. The sole question before this court is whether or not the description of the real estate referred to in the contract between Mrs. Jones and Mr. Rusk was sufficient. If the real estate which either of the parties sought to exchange was not described with sufficient particularity, the contract was invalid and consequently the petition set forth no cause of action.

The description of Mrs. Jones' tract, in our opinion, is not sufficient. We are incorporating in the report of this case, and as a part of this opinion an exact copy of the diagram or plat referred to in the contract of sale and attached to the petition as an exhibit. An examination of this diagram or plat in connection with the description referred to in the contract does not disclose what property is intended to be conveyed or furnish a key to its description.

The description of the property that was to be conveyed by Mr. Rusk to Mrs. Jones is even more indefinite in the contract of sale. It is simply referred to therein as "White Oaks," with-

out indicating in what county, State, or even country it is located. If the contract had been captioned as being drawn in Muscogee County, perhaps this difficulty might have been relieved, and the property presumed to be in Muscogee County, but the contract is not so captioned. While ordinarily, where a piece of property is described in a contract of this nature by reference to its name alone this is sufficient, this rule does not apply where there is no key to confine the location of the named piece of property within the confines of a particular State and county. The decision in *Molton* v. *Woodruff*, 175 *Ga.* 168 (165 S. E. 59), we think is exactly in point. In that case it was held: "Where a key can be discovered in the wording of a contract purporting to describe realty, parol evidence is admissible to render certain that which is uncertain in the descriptive terms of the instrument. But a contract of sale and purchase, in which the property involved is described as 'house and lot known as 290 Hillyer Ave. (on cor. Hillyer and Napier Ave.)' is so vague and indefinite as not to be enforceable by a decree for specific performance. It does not appear from the instrument in what city, county, or State the house and lot is located. There is nothing in the instrument from which it can be inferred that said house and lot is in Bibb County, Georgia, except that the contracting parties are said to be 'of the County of Bibb, State of Georgia.' In this day of varied commercial transactions, contracting parties frequently have transactions away from their homes; but even if contracts are entered into at the residence of both the contracting parties, it does not follow as a matter of course that the real estate bargained is not located in another county or another State from that in which either of the contracting parties have at any time resided."

In view of what is written above, we hold that the judge of the superior court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*