### 35666. SOUTHERN COTTON OIL COMPANY *v.* DUSKIN *et al.*

DECIDED JUNE 29, 1955.

*R. R. Jones,* for plaintiff in error.

*Lippitt & Lippitt,* contra.

QUILLIAN, J. The plaintiff contends that Mrs. Duskin was liable as a partner for the debts of Dawson Milling Company. This contention is based upon the rule that promoters of a corporation who are granted a charter, but make no effort to accept the charter by complying with its requirements, will be held liable as partners if they go forward with the business.

The plaintiff's position is that Mrs. Duskin was a promoter, and that she took part in the business of Dawson Milling Company and therefore is liable as a partner.

That Mrs. Duskin, her husband and son jointly filed a petition and obtained a charter for a corporation which was never organized, did not without more constitute them partners. Whether they became partners depended upon their engaging in business under the name of the proposed corporation.

If the promoters begin doing business before they organize the corporation and make no effort to accept the charter or comply with its requirements, they are held liable as partners. *Brooke* v. *Day,* 129 *Ga.* 694 (2) (59 S. E. 769).

"Merely participating in the signing and filing of articles of incorporation, however, will not render a person liable as a partner for obligations contracted by one of his associates who assumes to transact business under the proposed corporate name where the organization is never perfected and the one sought to be charged has not participated in the business or held himself out as a partner." 13 Am. Jur. 201, § 57.

It was not shown that Mrs. Duskin took any part in the business except that she signed a note with her husband, who did conduct the business of Dawson Milling Company, and that after their signatures appeared the typewritten words "d/b/a Dawson Milling Company." This was a circumstance from which it could be inferred that she was a partner with her husband, doing business under that firm name. Unexplained it would have been sufficient evidence that Mrs. Duskin was engaging with her husband in the partnership business. However, there was uncontradicted testimony of Mrs. Duskin and W. D. Owens, president

of the Bank of Albany, that the words "d/b/a Dawson Milling Company" were typewritten on the note by Mr. Owens' secretary and were a mistake on her part. Mr. Owens testified he loaned the money to Mr. and Mrs. Duskih as individuals and not as partners. Mrs. Duskin testified that she borrowed the money as an individual and never had been a partner in Dawson Milling Company. This evidence was admissible. *Tollison-Davenport Co.* v. *Carr,* 42 *Ga. App.* 340 (156 S. E. 274) ; Code § 38-510.

The fact that Mrs. Duskin signed the note with typewritten words following her signature indicating she was doing business as Dawson Milling Company was perfectly consistent with the testimony of the witness Owens that she did not obtain the loan, evidenced by the instrument, as a partner and did not intend to sign as her husband's partner.

There was no other evidence that after applying for the charter Mrs. Duskin went forward with the business of Dawson Milling Company.

We think the attempt to prove that she was a partner in Dawson Milling Company or that she ever did business in that name completely failed, and that the verdict in her favor was demanded by the evidence.

In view of the foregoing holding, it is not necessary to consider the special grounds of the amended motion, none of which assigns error on the admission or exclusion of evidence. .

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*