44005, 44006. MAXWELL v. TUCKER; and vice versa.

HALL, Judge. The plaintiff sued for $700 he had paid to the defendant real estate broker upon the execution of a contract to purchase a house and lot. The contract recites that it is made between the estate of Mrs. Dora D. McManus as the seller and by the plaintiff as the purchaser; it was signed by the plaintiff as purchaser and by "Estate of Mrs. Dora Dunwoody McManus By L. W. McManus, Jr., Mary McManus Demarest, John D. McManus" as seller. It was signed by the defendant as a witness. It recites that it was negotiated by Beard & Tucker Realty & Insurance Company as agent and the agent is to receive the regular commission as adopted by the Macon Board of Realtors; and "If the sale is not con-

summated due to purchaser's default, the earnest money shall be applied to agent's commission hereunder. . . In the event the sale is not consummated for reasons other than default of purchaser the earnest money is to be refunded to the purchaser." The defendant filed defenses including a counterclaim for broker's commission allegedly remaining due to him. The defendant filed a motion for summary judgment on the plaintiff's claim and on his counterclaim, with evidence showing that the persons signing the contract for the seller were the executors and executrix of the estate. The plaintiff also filed a motion for summary judgment. The trial court sustained the defendant's motion except as to the counterclaim, denied the plaintiff's motion, and dismissed the action and counterclaim. In case No. 44005 the plaintiff appeals from the denial of his motion for summary judgment; and in No. 44006 the defendant appeals from the denial of his motion for summary judgment on the counterclaim and from the dismissal of the counterclaim.

1. The defendant is entitled to his commission if his efforts resulted in an enforceable contract between the parties. *Harvil v. Wilson,* 11 Ga. App. 156 (74 SE 845) ; *Brittain v. Russell,* 78 Ga. App. 719, 722 (52 SE2d 38) ; cf. *Bryan v. Rusk,* 89 Ga. App. 125 (78 SE2d 853). Therefore, the parties' rights to recovery depend on whether the buyer and seller could have enforced the contract against each other.

The plaintiff contends that the defendant cannot retain the earnest money payment as commission because the contract was unenforceable. The first reason contended by the plaintiff for the unenforceability of the contract is that the seller is named as the estate of Mrs. Dora D. McManus, which the plaintiff argues is a nonentity. It is true that to satisfy the Statute of Frauds a memorandum must in some way indicate or show who are the parties to the contract. *Oglesby Grocery Co. v. Williams Mfg. Co.,* 112 Ga. 359 (37 SE 372). The *Oglesby* case, however, does not support the plaintiff's position. There the memorandum did not even indicate the existence of a promisee. "Any designation of vendors, vendees, lessors, or lessees, which clearly discloses them, is sufficient under the Statute of Frauds." *F. & W. Grand &c. Stores v. Eiseman,* 160 Ga. 321, 329 (127 SE 872). We cannot say that the present contract does not identify the parties. The decisions relied on by the plaintiff relating to the naming of

parties in law suits, and compelling conveyance of property by a person who does not own it, are not controlling.

2. The second contention that the contract is unenforceable is that it does not show on its face that the persons signing the contract were authorized to contract to sell or to convey the property. Parol evidence to show the capacity in which a person signed an instrument is admissible; it does not contradict the writing but simply explains the transaction. *Burkhalter v. Perry & Brown*, 127 Ga. 438 (56 SE 631, 119 ASR 343); *Southern Cotton Oil Co. v. Duskin*, 92 Ga. App. 288, 291 (88 SE2d 421); *U. S. Fidel. &c. Co. v. Coastal Service, Inc.*, 103 Ga. App. 133, 137 (118 SE2d 710).

The present case is unlike *Brega v. CSRA Realty Co.*, 223 Ga. 724 (157 SE2d 738), an action by the buyer for specific performance, in which a prepared contract between the buyer and CSRA Realty Company as seller was signed by an individual as seller. There parol evidence to prove the individual acted as an agent of the seller corporation in executing the contract was held inadmissible. In the present case the contract naming the plaintiff as buyer and the estate as seller was signed by the three individuals *for the estate* as seller, as shown by the contract itself. We are aware of no authority prohibiting proof by parol evidence that the authority for the signing of a contract by a person for one of the parties cannot be proved by parol when the contract itself shows the signer did not act as an individual but acted in a representative capacity.

3. The plaintiff contends that the defendant is not entitled to retain the earnest money or recover a commission because he is not named as a party in the contract and did not sign it as a party. The contract recites that it was negotiated by Beard & Tucker Realty & Insurance Company, as agent. The plaintiff named as the defendant in his complaint "Paul C. Tucker, d/b/a Beard & Tucker Realty & Insurance Company." The defendant used the same name and description in filing his answer and counterclaim. The fact that the defendant did not sign as a party does not prohibit his enforcing his rights under the contract. The law requires that a contract for the sale of lands to be binding "must be in writing, signed by the party to be charged therewith." *Code* § 20-401 (4). The party to be charged in the answer and

counterclaim is the plaintiff, who alleged in his complaint that he signed the contract.

The case of *Harling v. Tift*, 43 Ga. App. 94 (157 SE 914) is not controlling because there the contract providing for the payment of commission was between the broker and the seller only; the buyer was not a party to it, and the broker was not a party to the real estate contract between the buyer and the seller. It was held therefore that neither contract was enforceable by the broker against the buyer. This case is cited in *Cox v. Dolvin Realty Co.*, 56 Ga. App. 649, 652 (193 SE 467), a dispute between a broker and the seller, in answer to the losing seller's contention that the broker could have proceeded against the purchaser. However, the statement that the broker could not sue the purchaser because he did not sign and was not a party to the contract was dictum in the *Dolvin* case, a decision concurred in by only two judges.

4. The counterclaim alleged that under the terms of the contract the defendant's broker's commission was $960 and the plaintiff's breach entitled him to recover the remaining $260 of this amount. Prior to the Civil Practice Act this court held that, since *Code* § 84-1413 prohibits enforcement of a claim for commission by an unlicensed broker, the failure to allege that he was licensed was fatal to a broker's action for commission. *Hale v. Chatham*, 91 Ga. App. 519 (86 SE2d 536); *Nussbaum v. Shaffer*, 105 Ga. App. 430 (124 SE2d 658). However, though under the statute, supra, the fact of the broker's license would have to be shown to entitle him to recover the claimed commission, an allegation of this fact in the counterclaim is not essential to set forth a claim for relief under the Civil Practice Act of 1966 (*Code Ann.* § 81A-108). *Byrd v. Ford Motor Co.*, 118 Ga. App. 333 (163 SE2d 327).

*Judgment denying the plaintiff's motion for summary judgment affirmed. Judgment denying defendant's motion for summary judgment on the counterclaim affirmed. Judgment dismissing counterclaim reversed. Bell, P. J., and Quillian, J., concur.*

ARGUED OCTOBER 8, 1968—DECIDED NOVEMBER 21, 1968.

*Adams, O'Neal, Steele, Thornton & Hemingway, W. W. Hemingway,* for appellant.

*Westmoreland & Patterson, Floyd B. Chaite,* for appellee.