51322. INCOME PROPERTIES, INC. v. HANEY et al.

DEEN, Presiding Judge.
The appellant real estate broker sued Mr. and Mrs. Haney, vendors of certain property purchased by Hugh Hunter, for a real estate commission. Hunter was both the purchaser named in the sale contract and president of the plaintiff brokerage firm. The sale contract, signed by Hunter as purchaser and by the Haneys, but not by any one for the plaintiff, recited that the seller agreed to sell certain described property through Income Properties, Inc., and had paid Income Properties, Inc. the sum of $1,500 earnest money to be applied on the purchase price. It further stated: "Commission to be paid in this transaction shall be calculated under Item 2 of Schedule shown on reverse side of this contract," the item so referred to specifying a 10% commission on vacant land. The defendants contended that payment of real estate

commissions was no part of the original agreement between the parties, that they had at all times made clear that the amount they received was to be net, and that the figure "2" referring to commissions had been placed in the contract after they signed it.

The plaintiff moved for summary judgment, introducing in evidence the contract and certain testimony given on the trial of a specific performance suit filed by Hunter against the Haneys based on the same contract, in which the verdict had been in favor of Hunter. Some of this testimony seems to suggest that the Haneys' refusal to comply with the sale contract voluntarily was because they maintained that they were not liable for a brokerage commission. However, Mrs. Haney was asked on cross examination: "And you were perfectly willing to pay the ten percent commission?" to which she replied: "I would have been perfectly willing to sign — to have went through with it if Mr. Hunter had been there with the money like it was said."

The trial judge denied the plaintiff's motion for summary judgment, from which judgment it appeals. *Held:*

1. Income Properties, Inc. was not a signatory to this contract. The record shows no independent listing contract nor is it established that the real estate broker actually procured the sale. The contract, however, recites that the agreement was reached "through Income Properties, Inc." and specifies the commission payable. It is this latter typed in provision ("2") which the defendants claim was fraudulently added to the contract after their signatures were affixed. The defendants are entitled to have this defense heard and passed on by a jury. It constitutes a defense against the commission feature of the contract only; the fact that it was not raised in another suit against a different plaintiff (the purchaser Hunter, who was seeking specific performance, not commissions) constitutes neither a waiver nor an estoppel to urge it against the broker whose proposed recovery is based thereon. The fact that the broker did not sign the contract, however, does not preclude its recovery, but makes a jury issue as to the intent of the parties. *Maxwell v. Tucker,* 118 Ga. App. 695 (3) (165 SE2d 459).

2. As we read this record, the defendants never sought to rescind the sale contract. They defend against the specific performance suit on the ground that no tender had been made, and they defend against this action for commissions on the ground that they never agreed to pay commissions, and that the reference was inserted as a material alteration after their signature. The line of cases cited by the appellant (such as *Hunt v. Hardwick & Co.*, 68 Ga. 100, holding that one who seeks to rescind a contract for fraud must act promptly upon discovery) has no relevance to the factual question here presented.

3. Should Mrs. Haney's statement be construed to mean that she would in fact have been willing to pay the 10% commission, this testimony, being given in another case, is not conclusive but may be considered with all the other evidence in ascertaining the true intent of the parties.

"Although the testimony of a party to a case may as a matter of law preclude a recovery in his favor, it does so only as respects the trial at which the testimony is given. Such testimony does not, by reason of its introduction at one trial, operate as an admission in judicio which would as a matter of law preclude a recovery upon a subsequent trial." *Scott v. Powell Paving Co.*, 43 Ga. App. 705 (2) (159 SE 895).

Since there are issues of fact remaining to be passed upon, the trial judge properly overruled the plaintiff's motion for summary judgment.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED NOVEMBER 17, 1975.

*Gibson Dean, II, Patterson H. Garner,* for appellant.
*Merritt & Pruitt, Glyndon C. Pruitt,* for appellees.