POLEN, J.
Appellant Steven Sosa timely appeals a non-final order granting Leggett & Platt, Inc.’s motion to strike and a final judgment in garnishment. We reverse and remand with directions to hold an eviden-tiary hearing as to ownership of the funds held in the Wachovia account.
On or about January 15, 2006, Sosa purchased the assets of C & C Hanger & Supply, Inc. along with the right to use the name as a fictitious name, hence Steven Sosa d/b/a C & C Hanger & Supply, Inc. Sosa opened a bank account in the name of C & C at Wachovia Bank, N.A.
On April 7, 2006, Leggett & Platt, Inc. filed a complaint against C & C to collect money owed. A default was entered *541 against C & C for failure to file an answer. A final judgment was entered in favor of Leggett.
On September 12, 2006, Leggett & Platt, Inc. served a writ of garnishment on the garnishee, Wachovia Bank, N.A. Garnishee filed an answer, in which it acknowledged that it might be indebted to C & C in the amount of $20,262.66 and $649.23 by virtue of accounts in the name of C & C. Leggett filed a notice of garnishment, to which Sosa, not C & C, filed a verified motion to dissolve writ of garnishment. Sosa was not represented by counsel when he filed the motion to dissolve. In the motion, Sosa stated that, upon purchasing the assets, not the stock, of C & C, he intended to create a Wyoming corporation. He set up the account at Wachovia and deposited personal funds into the account to purchase products from China with the intent to transfer the assets, including the bank account, into the future Wyoming corporation. At the time of filing the motion to dissolve, Sosa admittedly was still operating the business individually d/b/a C & C, attempting to generate enough profit to create a Wyoming corporation.
Leggett filed a motion to strike defendant’s motion to dissolve writ of garnishment, in which it argued Sosa could not individually represent C & C, a corporation. On October 19, 2006 at 8:30 a.m., a hearing was held on the matter, at which the court granted Leggett’s motion to strike. No court reporter was present at the time of the hearing and thus no transcript of the hearing is available. The clerk’s notes from the hearing state that the motion to strike defendant’s motion to dissolve writ of garnishment was granted as the writ was issued in the name of the corporation.
Though Leggett argued, and the trial court agreed, that Sosa could not individually represent C & C, it does not appear from the face of Sosa’s motion to dissolve that Sosa was attempting to represent C & C. Instead, Sosa raised a claim as to ownership of the funds in the account to be garnished. Though he incorrectly filed the motion pursuant to section 77.07(2), Florida Statutes, it is clear from the substance of the motion that Sosa was attempting to assert a claim under section 77.16, Florida Statutes.
“It is too well settled to require citation of authority that, where individuals commence business as a corporation and hold themselves out to the world as such, before obtaining a charter and effecting an organization, each of them is liable as a partner, notwithstanding no charter is ever actually applied for or obtained, or no organization under a charter is effected.” Todd v. Stewart, 17 Ga.App. 113, 86 S.E. 284, 285 (1915). Thus, persons assuming to act as officers or agents of a purported corporation which has, in fact, no existence either de jure or de facto, will be personally liable. 3A Fletcher Cyc. Corp. § 1121 (2006). In order to reach the property of those individuals who have made an abortive attempt to organize a corporation, however, the action must be against them personally. 3A Fletcher Cyclopedia of the Law of Corporations § 1121; 38 C.J.S. Garnishment § 74 (2007) (citing Todd v. Stewart, 17 Ga.App. 113, 86 S.E. 284 (1915)). It is universally held that property which is not actually and in “good conscience” deemed to be owned by the debtor may not be secured by the judgment creditor. Ginsberg v. Goldstein, 404 So.2d 1098, 1099 (Fla. 3d DCA 1981) (citing 38 C.J.S. Garnishment § 71 (1943); 6 Am. Jur.2d Attachment and Garnishment § 92 (1963)). This is in accord with the basic principle of garnishment that a plaintiff merely stands in the shoes of the judgment debtor. Ginsberg, 404 So.2d at 1099 (citing Howe v. Hyer, 36 Fla. 12, 17 So. *542 925 (1895); Barsco, Inc. v. H.W.W., Inc., 346 So.2d 134 (Fla. 1st DCA 1977)).
We therefore reverse the trial court’s decision and remand with directions to hold an evidentiary hearing as to ownership of the funds held in the Wachovia account.

Reversed and Remanded with instructions.

KLEIN and MAY, JJ., concur.