## ADAMS *v.* HOLLAND.

1. Where on the trial of an action upon a promissory note the defendant filed two pleas, together with amendments thereto, one of set-off, the other of payment, and the bill of exceptions recites that upon written demurrer filed to such pleas and amended pleas by the plaintiff, the court sustained such demurrer and ordered the pleas stricken, yet where the record shows that the demurrer so filed only went to and was aimed solely at the plea of set-off, the record will control; and accordingly, in adjudicating upon the case, the plea of payment will be treated as remaining unstricken, notwithstanding it is recited in the motion for new trial that the court erred in striking the amended plea of payment and set-off, it not appearing that the grounds of such motion were in any manner certified to by the court, other than the statement contained in the bill of exceptions above outlined.

2. With respect to mutual accounts, the statute of limitations begins to run from the date of the last item embraced within the mutual dealings. Accordingly, where suit was brought on the 10th day of August, 1895, on a promissory note dated April 28, 1876, to which the defendant filed a plea of set-off, alleging mutual transactions between herself and the plaintiff during the period of time covered by the account so pleaded as a set-off, and where the last item in such account bears date August 12, 1882, the bar of the statute had attached, and the plea was properly stricken on demurrer.

3. In such a case, an exception to the refusal of the court to allow the defendant to introduce evidence to "prove that she did not owe the note" sued upon, will not be considered when the character and nature of the evidence by which such proof was to be made is not made to appear.

4. Treating the plea of payment as remaining unstricken, inasmuch as it appears from the record that the defendant introduced no evidence in support of such plea, and that the only evidence introduced was a copy of the note sued on, the court committed no error in directing a verdict for the plaintiff.

Submitted April 13, — Decided May 6, 1897.

Appeal. Before Judge Reese. Elbert superior court. March term, 1896.

On August 10, 1895, Holland brought suit against Mrs. Adams upon a promissory note under seal, dated April 28, 1876, and due one day after date, with interest at one per cent. per month, for the principal sum of $84.82, less a credit of $8.20, dated November 3, 1876. The defendant pleaded the general issue; and also filed pleas of payment and set-off, which upon demurrer were stricken. This ruling controlled

the case, and formed the basis of a motion for new trial, which was overruled. These pleas allege, that defendant has no recollection of having signed the note, but as she now recollects the plaintiff in 1876 furnished her a stock of millinery which she at the time understood she was to sell on commission, and if she ever signed the note it was for the purchase of this stock of millinery, instead of the same being received by her on commission as she now remembers it was. During the time these goods were held by her, she furnished to plaintiff various articles out of said store and he became due her $17.30 for such articles, a bill of which is attached, the same being dated in May, June, July, August, and October, 1876. In the fall of that year she returned him all the goods unsold by her and which had been received by her to be sold on commission, the exact amount of which goods she can not now recall, and these, in her opinion, were of sufficient value to pay the balance due for the purchase thereof, or were returned as unsold goods after having been received for sale on commission. In either event she pleads that the goods so returned were in full settlement and payment of whatever claim he held against her for the purchase or value of said goods represented by the note sued on. Further, he is indebted to her $21.25 for articles of dress and millinery, set forth in an attached account, the items of which are dated in 1877 and 1882. She further says that the note was fully paid by her to plaintiff on September 1, 1876, and that at the time the accounts pleaded as a set-off were due and owing to her by plaintiff, there were mutual transactions between them, and said accounts did not become barred until plaintiff's demand against her was barred.

*John P. Shannon,* for plaintiff in error.
*I. C. VanDuzer, W. L. Hodges* and *Z. B. Rogers,* contra.

LITTLE, J. The facts are set out in the preceding report.
1. The bill of exceptions recites that two pleas which were filed by the defendant, one of set-off and the other of payment, were stricken on demurrer. The two pleas as originally filed were each, by leave of the court, amended; and as amended the plea of payment was, as against a general demurrer, good.

The plea of set-off was an imperfect plea and was properly stricken. An examination of the record shows that the demurrer which was filed by the plaintiff was confined to the plea of set-off, and that the plea of payment was not demurred to, and consequently not stricken. Where there is a conflict between the bill of exceptions and the record as to matters which form a part of the record, the latter will control. *Dismuke* v. *Trammell*, 64 *Ga.* 428, and cases there cited. The record therefore showing that the demurrer went only to the plea of set-off, the plea of payment must be treated as not having been stricken; and this is true notwithstanding it is recited in the motion for a new trial that the court erred in striking the amended plea of payment and set-off, inasmuch as it appears that the grounds of such motion were not in any manner certified to by the court, other than by approving and certifying the bill of exceptions in the usual form; a general recital appearing in the bill of exceptions, to the effect that, upon written demurrer filed to such pleas and amended pleas, the court sustained the demurrer and ordered the pleas stricken.

2. The suit was on a promissory note executed as a sealed instrument, and was brought before the bar of the statute had attached. The plea of set-off, as amended, contained a statement of a number of items as having been charged to the plaintiff, the last of which was dated August 12, 1882. The suit was filed on the 10th of August, 1895, some thirteen years after the date of the last item of the account which was pleaded as a set-off. The demurrer to the plea of set-off, on the ground that the defendant's right of action accrued more than four years prior to the time of the filing of such plea, we think was properly sustained. Assuming that the account pleaded as a set-off was based upon a mutual understanding, either express or implied from the conduct of both parties, that they would continue to credit each other until at least one desired to terminate the course of dealing, at which time the balance would be ascertained and then become due, the account in that event is barred by the statute of limitations. It is not to be understood, however, that our ruling goes to the extent of holding that the account pleaded comes under the doctrine of mutual accounts.

Whether or not such is the case is a question of fact. Here one party had a promissory note, the other an account; but if the account in this case is to be held a mutual one, and it is to be so treated, as the plea alleges it to be such and the demurrer admits the allegation, the statute begins to run at the date of the last just item entered during the course of the mutual dealing. Civil Code, § 3769; *Madden* v. *Blain*, 66 *Ga.* 49; *Flournoy & Epping* v. *Wooten*, 71 *Ga.* 168. For a full and able discussion of the doctrine, see the case of *Gunn* v. *Gunn*, 74 *Ga.* 555.

3. One of the grounds of the motion for new trial is, because the court erred in refusing to allow the defendant to introduce evidence in said case to prove that she did not owe the note, under her plea of the general issue as filed in said case. The legal effect of this ground is to take an exception to the exclusion or rejection of evidence. The ground does not state the character or nature of the proof which was offered to be made; and therefore this court is unable to say whether, in rejecting the evidence offered, the court did or did not commit error.

4. After the plea of set-off had been stricken, the plea of payment which had been filed was, as we construe the record, before the court. The brief of evidence embodied in the record contains no evidence whatever, except copy of the note sued on by the plaintiff. The plea of payment was therefore wholly unsupported by any evidence; and being so, the court properly directed a verdict for the plaintiff.

*Judgment affirmed.    All the Justices concurring.*