## WAGENER *v.* STEELE.

A petition alleged that the defendant was indebted a stated sum " upon a mutual account based on a course of dealing wherein each party has given credit to the other on the faith of indebtedness to him, as will more fully appear from the bill of particulars " attached to the petition. The bill of particulars attached showed numerous items of indebtedness from defendant to plaintiff, and also several items of indebtedness from plaintiff to defendant. The last item in the account against the defendant was within four years from the time the petition was filed : *Held :* (1) That the allegations of the petition, taken in connection with the bill of particulars, were sufficient to authorize the admission of evidence to show that there was a course of mutual dealing between the parties, wherein each had given credit to the other on the faith of the indebtedness of the other ; and that a demurrer raising the question that the account was barred by the statute of limitations was properly overruled. (2) That the items of indebtedness of plaintiff to defendant, set forth merely to show a course of dealings, need not be set forth with the same particularity as the items of indebtedness of the defendant to the plaintiff, for which judgment is prayed.

Argued January 24,—Decided February 9, 1903.

Complaint. Before Judge Reid. City court of Atlanta. July 8, 1902.

*Brown & Randolph*, for plaintiff in error.

*Candler & Thomson*, contra.

COBB, J.    Steele sued Wagener, alleging that the defendant was indebted to him in a certain sum "upon a mutual account based on a course of dealing wherein each party has given credit to the other on the faith of indebtedness to him, as will more fully ap-

pear from the bill of particulars" attached to the petition. The petition was filed on January 15, 1902. Attached to the petition was a bill of particulars, the debit side beginning with an item dated January 5, 1895, for a car-load of lumber, and followed by numerous items running continuously until January 30, 1896. After the date just mentioned there is no other item until February 16, 1898, when the following item appears: "To Hunnicutt & Bellingrath, Gutters Pryor St. Bldg., chargeable to contractor, Fred Wagener, $7.50."

On the credit side of the account were the following items:

| 1895. | Aug. 31. | By Correction of Inv. Aug. 29 . . | $10.70 |
|---|---|---|---|
| | Oct. 31. | " chg. of Oct. 4 . . . . . . . | 8.15 |
| 1896. | Jan. 24. | " Amt. pd. Mrs. Inman, my part of mortgage on Decatur St. property | 2,749.86 |
| | | " estimates from time to time, making contract price for building storehouse on South Pryor St. . . | 18,750.00 |
| | | Warehouse Decatur St. . . . | 3,700.00 |

$25,218.71

By amendment the numerous items on the debit side were made more specific, to meet objections raised by special demurrer to that part of the account. There was also a special demurrer to the items on the credit side of the account, on the ground that they were too vague, indefinite, and uncertain to constitute any valid item of a legal bill of particulars. The item of January 21, 1896, in reference to the amount paid Mrs. Inman on the mortgage, was specially demurred to, on the ground that it did not set forth any of the facts involved in the transaction nor describe the mortgage referred to, so as to put the defendant on notice as to what mortgage is meant, nor describe the property on Decatur street with sufficient particularity to put the defendant on notice of what property was meant. The defendant objected to the allowance of the amendment above referred to, and also demurred to the petition as amended, on the ground that it did not set forth a mutual account, and that the claim of plaintiff was therefore barred by the statute of limitations. The court overruled the general demurrer, and also the special demurrer which was not met by amendment. To these rulings the defendant excepted.

The controlling question in the present case is whether, under the allegations of the petition, taken in the light of the bill of particulars, it sufficiently appears that there were such mutual dealings between the parties as would prevent the bar of the statute from attaching to those items of the plaintiff's account which were more than four years old at the date the suit was filed. "A mutual account is one based on a course of dealing, wherein each party has given credit to the other, on the faith of indebtedness to him." *Gunn* v. *Gunn*, 74 *Ga.* 555. See also *Adams* v. *Holland*, 101 *Ga.* 43, 46; *Kirven* v. *Thornton*, 110 *Ga.* 276. In Buswell on Limitations and Adverse Possession, § 195, quoted by Mr. Justice Fish in *Reid* v. *Wilson*, 109 *Ga.* 424, 427, it is said: " The principle runs through all the cases that there must, in order to bring the case within the exception, be a mutual credit founded on a subsisting debt on the other side, or an express or an implied agreement for a set-off of mutual debts." It is therefore essential, to bring a case within the doctrine of mutual accounts, that there shall appear not only the fact that there was indebtedness on both sides, but that the circumstances were such that each relied on the indebtedness of the other as a basis of credit, and that therefore the account of neither was due until the mutual dealings between the parties ceased, and that the statute began to run as to each account only from the last just item that might appear in either. There must appear not only the fact of two accounts, but an additional fact,— that each of the accounts was the result of a course of dealing wherein each party gave credit to the other on the faith of the indebtedness to him. Applying this rule in the present case, it appears from the exhibit to the petition that the plaintiff had a claim against the defendant, consisting of numerous items. It also appears that during the time covered by the items of the plaintiff's account against the defendant, the latter had different claims or demands against the plaintiff. If this were all that appeared, such a case of mutual dealings as to be an exception to the ordinary rule in regard to the statute of limitations in matters of account would not be made out. But in addition to the exhibits the petition contains the allegations which are quoted in the statement of facts. The bill of particulars together with these allegations makes out a prima facie course of mutual dealings between the parties. The exhibit shows matters of account on each

side; the averment in the petition is, that these matters of account were the result of a course of dealing on the faith of indebtedness of the one to the other.    The petition and exhibit, therefore, taken together, contain the two facts necessary, under the law, to constitute a mutual account, that is, items of indebtedness by each party to the other, and a course of dealing which shows that the indebtedness of each was the basis of the credit extended by the other.    As said above, whether there has been a mutual course of dealing is a question of fact.    An averment that there has been is a proper averment in a petition.    A general demurrer admits this fact.    When this fact is admitted, and the bill of particulars shows items of indebtedness on each side, the petition is not demurrable on the ground that the cause of action is barred by the statute of limitations, when it appears that the last item of the account on either side is within four years prior to the filing of the suit.    Of course, when the case comes on to be tried, this allegation of fact must be substantiated by proof, and the proof must be of such a character as to bring the case clearly within the rule above stated.

It is said that the court ought to have sustained the special demurrer on the ground that the items of credit were not set forth with sufficient certainty and fullness.    The items of indebtedness which are the basis of the suit must of course be set forth with sufficient certainty to put the defendant on notice of what he is to defend, that is, of what the basis of the plaintiff's claim against him consists; but we do not think that the items of credit, which simply show that the plaintiff admits an indebtedness on his part from time to time to the defendant, are required to be set forth with the same degree of certainty as is required where a judgment is prayed against another upon such items.    In order to obtain a judgment against another upon an account, the defendant is entitled to be fully informed as to each item of the account; but where the credit items are alleged, not for the purpose of recovering a judgment, but simply for the purpose of an admission of a past indebtedness, in order to show that there has been a mutual course of dealing between the parties, the same particularity is not required in setting this forth as in setting forth the items upon which a judgment is prayed.    All that is essential is to show that there was indebtedness on each side, and that the credit on each side was extended on the faith of the other's indebtedness.    We do not

think there was any error in overruling either the general or the special demurrer, or in allowing the amendment to the petition.

*Judgment affirmed. By five Justices.*