902.    STATE OF GEORGIA, for use, etc., *v.* WYNNE.

Every petition for certiorari in a civil case must, at the time of its filing in the office of the clerk of the superior court, be accompanied either by the prescribed pauper affidavit or the statutory certiorari bond, approved by the judicial officer before whom the case was tried in the first instance. The fact of the approval of the bond must appear upon the papers themselves. No subsequent action approving or ratifying the bond will save the certiorari from dismissal.

Certiorari, from Dodge superior court—Judge Martin. November 27, 1907.

Submitted February 17,—Decided September 28, 1908.

*J. P. Highsmith,* for plaintiff.    *W. M. Clements,* for defendant.

POWELL, J. The point before us may be understood from the following statement quoted from the bill of exceptions: "Defendant in the certiorari proceedings moved to dismiss the petition for certiorari, on the ground that the certiorari bond did not appear to have been approved by the presiding justice in the court below; which motion the court overruled. The court required that the

following be here inserted: 'The court ruling and stating, that as the bond for certiorari had been executed before the justice of the peace who tried the case, and the said justice of the peace who tried the case having officially attested the bond as shown on the face thereof, by the words "Executed in the presence of," and followed by the official signature of said justice of the peace, and which bond, so attested, had been left of file with the justice of the peace and by said justice had been sent up to the superior court as a part of the record in the case, that this was tantamount to an approval of the bond by the justice of the peace, without the formal word "approved" being written on the bond and signed by the justice of the peace.' "

In civil cases an approved certiorari bond (unless pauper affidavit is filed) must accompany the petition for certiorari when it is lodged in the office of the clerk of the superior court for filing; otherwise the clerk has no power to issue the writ, and the proceeding becomes nugatory. Civil Code, §4639; *Dykes* v. *Twiggs County,* 115 *Ga.* 698 (42 S. E. 36). By the statute itself, the bond is to be filed, with the petition for certiorari, in the office of the clerk of the superior court, and not with the magistrate whose decision is under review. If, therefore, the explanatory statement made by the judge in the bill of exceptions, that the bond was left on file with the justice of the peace and by him sent up as a part of the record, is to be taken as true, a dismissal of the certiorari was demanded. The record seems to indicate, however, that the bond was filed with the petition; and in cases of conflict between the bill of exceptions and the record, as to matters which form a part of the record, the latter controls. *Adams* v. *Holland,* 101 *Ga.* 45 (28 S. E. 434); *Dismuke* v. *Trammell,* 64 *Ga.* 428. The bond as it appears in the record is not approved; it is merely attested. Attestation and approval are entirely different things in law and in fact. Any attesting officer may legally witness such a bond; only the officer whose decision is to be reviewed has authority to approve it. *Hester* v. *Keller,* 74 *Ga.* 369. The bond, being unapproved at the date of its filing with the petition, was insufficient to authorize the clerk to issue the writ, and no subsequent approval, either express or implied, could cure the deficiency. *Dykes* v. *Twiggs County,* supra. In criminal certiorari cases the rule is different. *Brown* v. *State,* 124

*Ga.* 411 (52 S. E. 745).; *Watson* v. *State, 85 Ga.* 237 (11 S. E. 610). In the *Brown* case (on page 415 of the opinion) the Chief Justice points out that the practice in civil and criminal cases differs in this respect. Whether we look to the record or to the recitals of the bill of exceptions, the court erred .in not dismissing the certiorari.                          *Judgment reversed.*