## 2348. McNEILL *v.* MORGAN *et al.*

The court did not err in setting aside the verdict, and vacating the judgment. A judgment rendered against a party whose sole counsel is absent by express leave of the court is properly vacated and set aside when that fact is properly called to the attention of the court by a timely motion in writing. Especially was this true where it was shown that the sole counsel for the defendants, the appellants in an appeal from a justice's court, who had promised to notify his clients when to be present, was taken seriously ill, and was in that condition when the judgment was rendered, and the only evidence in behalf of the respondent, on the hearing of the motion to set aside the judgment, was that his counsel did not know, until after the rendition of the judgment, that the defendants had a lawyer.

DECIDED SEPTEMBER 20, 1910.—REHEARING DENIED SEPTEMBER 29, 1910.

Motion to set aside judgment; from Fulton Superior Court— Judge Pendleton. December 6, 1909.

*Scott & Davis,* for plaintiff in error. *E. D. Thomas,* contra.

RUSSELL, J. The defendants in error filed the following motion, which is verified by the record and amply supported by evidence, and not contradicted in any way.

"Georgia, Fulton county. To the Hon. John T. Pendleton, judge of said court: The defendants herein respectfully represent that on September 15th, 1909, a verdict by a jury was rendered in said court, and a judgment was duly entered thereon; said verdict and judgment being in favor of the plaintiff and against your defendants. Same was rendered in their absence because of the following facts: Prior to August, 1909, they had employed E. D. Thomas, an attorney, to represent them, and were told by said Thomas that their case would be tried at the September term of said court, and because the time was uncertain he would give them due notice. Nevertheless, about the first of September, 1909, defendant Morgan called upon the office of said Thomas, to inquire the time of trial of said case, and for the purpose of getting a subpœna, that he might duly subpœna a witness for the defendant in said case, and was told by whoever answered the phone that said Thomas was sick and was confined in a sanitarium, and that his case had been checked until he could get well. That as a matter of fact said Thomas was sick and confined to his bed from August 25th, 1909, until about October 5th, and was unable to attend to any business until the latter part of October. That said suit was an open account for alleged commissions for procuring a loan, and

that these defendants had a good defense and were willing to and able to prove, had they an opportunity, that they had never employed the plaintiff to procure for them a loan, and in fact no loan was ever procured, and now are able, ready and willing to go to trial with the defense. That the said Thomas in fact had a leave of absence from this court at the time said verdict was rendered against them. That the first knowledge they had of the judgment against them in said case was on Saturday, November 13th, 1909, when the sheriff of said county threatened to make a levy on their property. They show that they relied on (1) that their said attorney would notify them, and, after exercising all caution in calling the office of said Thomas, they relied upon the fact that their case had been checked. Wherefore they pray, that the verdict rendered against them be vacated, that the judgment thereon be set aside, and for such other and further relief as the court may deem proper, and that the plaintiff be required to show cause why the prayers herein should not be granted."

There was no evidence for the respondent, on the hearing of this motion, except the statement of his counsel that he did not know that the defendants in the judgment were represented by an attorney, until after the rendition of the judgment. No significance is to be attached to the fact that the name of counsel for the defendants does not appear on the dockets of the superior court, except that it corroborates this statement of counsel for the plaintiff. An appeal may be taken from the judgment of a justice's court without employing counsel, and in many cases tried in justices' courts there would be nothing in the record to show whether a party had or did not have a lawyer. The point in this case is that it was shown that the movants had employed a lawyer to represent them in the superior court. He was their sole counsel, and not only providentially absent (which might not have excused him if that had not been brought to the attention of the court), but absent by express leave of the court.          *Judgment affirmed.*