*Dorough & Adams,* contra.

---

### 2668. MOBLEY, WARD & DAVIS *v.* PENDERGRAST.

RUSSELL, J. 1. The counter-claim in favor of the defendant which will relieve a plaintiff's demand from the bar of the statute of limitations must be one dependent upon a demand based on the extension of credit by such debtor to the creditor whose claim is sued on. To constitute that mutuality of accounts which will relieve the bar of the statute of limitations there must be something more than the mere allowance of a credit item on behalf of the debtor; the debtor must extend credit to his creditor, or the creditor in some way become indebted to his debtor on his own account, and, in the face of his own credit and liability, promise to pay, or no mutuality of account exists.

2. Where one is indebted, upon account, to an agent of a fire-insurance company for the amount of a premium upon a policy of insurance, and the policy is cancelled at the instance of the insurance company, and the insured's account upon the books of the agent credited with the return premium, the latter item is not such a demand in favor of the debtor as will relieve from the bar of the statute of limitations. Partial payment of an existing indebtedness can not create mutuality of accounts. Civil Code of 1895, § 3769.

3. It being apparent from the petition that there never was an "indebtedness on both sides," the decision is controlled by the ruling in *Wagener v. Steele,* 117 *Ga.* 145 (43 S. E. 403), and the demurrer setting up the statute of limitations was properly sustained. *Judgment affirmed.*

DECIDED JANUARY 24, 1911.

Complaint; from city court of Abbeville—Judge Nicholson. May 11, 1910.

*Crum & Jones,* for plaintiff. *M. B. Cannon,* for defendant.