5078. BANK OF BLAKELY *v.* BUCHANNON.

1. The objections raised by special demurrer to the plaintiff's petition were met and cured by proper amendments; and the general demurrer was properly overruled, because the petition alleged a case of mutual dealings between the parties, which relieved from the bar of the statute of limitations those items of the plaintiff's account which otherwise might have been subject to the operation of the statute.
2. Whether or not an account is a mutual one is a question of fact.

DECIDED NOVEMBER 25, 1913.

Complaint; from city court of Blakely—Judge Clayton Jones presiding. March 31, 1913.

*Pope & Bennet*, for plaintiff in error.
*B. R. Collins, A. H. Gray*, contra.

ROAN, J. Buchannon filed a petition against James and the Bank of Blakely, alleging a state of mutual dealings between the parties, involving transactions covering a period of several years. The defendants filed general and special demurrers. The plaintiff offered amendments which set forth specifically the particular features of those transactions to which only general reference had been made in the original petition. The case came to this court on exceptions to the allowance of the amendments and to the overruling of the demurrers. The special demurrers, as originally presented, were well taken. The defendant was entitled to be informed definitely as to the time, place, and person by whom the alleged payments were made. The petition as originally drawn was also subject to demurrer upon the ground of misjoinder of parties, but this was cured by the plaintiff's amendment striking James from the suit. The real question in the case, therefore, is upon the ruling on the general demurrer, and is whether the plaintiff's allegations present such a case of mutual dealings between

the parties, under the provisions of section 4363 of the Civil Code, as .would relieve from the bar of the statute of limitations those items which prima facie appear to be subject to the bar.  This section declares that "In order to make such a mutual account as will prevent the statute of limitations from beginning to run except from the date of the last item thereof, there must be an indebtedness. on both sides.  Mere entries of partial payments are not sufficient." The petition. distinctly alleges a mutual extension of credit, and, of course, mutual dealings between the parties; and, in our opinion, the case is controlled by the ruling of the Supreme Court in *Wagener* v. *Steele,* 117 *Ga.* 145 (43 S. E. 403).  Of course, it is well settled that "a mutual account is one based on a course of dealing, wherein each party has given credit to the other, on the faith of indebtedness to him." *Gunn* v. *Gunn,* 74 *Ga.* 555 (58 Am. R. 447) ; *Adams* v. *Holland,* 101 *Ga.* 43-46 (28 S. E. 434) ; *Kirven* v. *Thornton,* 110 *Ga.* 276 (34 S. E. 848).  According to the allegations of the plaintiff's petition, he extended credit to the bank on the faith of the bank's indebtedness to him, and the bank likewise extended credit to him on the faith of his indebtedness to it.  Under repeated rulings of the Supreme Court, the question as to the relation of the parties to each other, and whether the dealings were in fact mutual within the terms of the code section, is purely a question of fact.  By the amendment, with annexed exhibits, the plaintiff made out a prima facie case of mutual dealings between the parties.  As was said by the Supreme Court in *Wagener* v. *Steele,* supra:  "The exhibit shows matters of account on each side; the averment in the petition is, that these matters of account were the result of a course of dealing on the faith of indebtedness of the one to the other.  The petition and exhibit, therefore, taken together, contain the two facts necessary, under the law, to constitute a mutual account, that is, items of indebtedness by each party to the other, and a course of dealing which shows that the indebtedness of each was the basis of the credit extended by the other.  .  .  Whether there has been a mutual course of dealing is a question of fact.  An averment that there has been is a proper averment in a petition.  A general demurrer admits this fact.  When this fact is admitted, and the bill of particulars shows items of indebtedness on each side, the· petition is not demurrable on the ground that the cause of action is

barred by the statute of limitations, when it appears that the last item of account on either side is within four years prior to the filing of the suit." When the case comes to a trial, of course, the truth of the transaction will be developed, but upon the demurrer the trial judge ruled correctly.

The case is not altered by reason of the fact that the course of mutual dealings in the case now before us was with a bank, if the allegations of the petition are proved to be true, because "when money is placed in a bank on general deposit, the title to the money immediately passes to the bank, and the relation of debtor and creditor is created between the bank and the depositor. The moment the deposit is made, the credit of the bank is substituted for the money." *McGregor* v. *Battle,* 128 *Ga.* 577 (58 S. E. 28, 13 L. R. A. (N. S.) 185). The doctrine of mutuality of account is not based on the notion that every credit in favor of one is an admission of indebtedness to the other, or a new promise to pay, but rests upon a mutual understanding, either expressed or naturally implied from the conduct of both parties, that they will continue to credit each other until at least one desires to terminate the course of confidential dealings, and that the balance will then be ascertained, then become due, and be paid by the one finally indebted. From this statement of the rule it is very apparent, under the allegations of the petition in the present case, that the judge could not determine upon demurrer that these dealings, covering a period of several years, were not mutual.

*Judgment affirmed. Pottle, J., disqualified.*