### 7524. WHITE COUNTY BANK v. ELLISON *et al.*

BROYLES, J. 1. There is no merit in the motion to dismiss the bill of exceptions, on the ground that the plaintiff in error attempts thereby to bring up two separate and distinct cases. It brings up merely two separate motions in the same case.

2. The record discloses the following undisputed facts: The White County Bank brought suit to the March term, 1916, of the city court of Jefferson, against J. M. Ellison and J. N. Brown as makers, and T. G. and L. F. Underwood as indorsers, on a certain promissory note. The court convened in regular quarterly session on the second Monday in March, 1916, the 13th day of the month. On March 6, 1916, one week before the convening of the court, two of the defendants, viz., J. M. Ellison and J. N. Brown, the makers of the note, filed an answer to the suit, but this answer was not sworn to, as required by law in such a case. Prior to the convening of the court the trial judge made and published, under order of the court, a calendar of cases set for that term, in which order it was stated that the appearance docket would be called on Tuesday morning, March 14. Upon the call of the case on that date the court, on motion of counsel for plaintiff, struck the defendants' answer, for the reason that it was not verified, and thereupon the court ordered that the case proceed as in default. The plaintiff then submitted its case to a jury, and, after the introduction of evidence, the court directed a verdict for the plaintiff for the full amount sued for, and entered judgment for the same. A fi. fa. was issued by the clerk and placed on the general execution docket of the county. Subsequently, on the same day, counsel for the defendants appeared in court with one of his clients, attached a verifying affidavit to the answer, and filed a motion to vacate and set aside the verdict and judgment, and also made a motion for a new trial of the case. The court granted both of these motions. This was the first grant of a new trial in the case. At the time when the appearance docket was called and the above-mentioned proceedings took place, counsel for the

defendants was under leave of absence, granted by the court, on account of sickness. This leave of absence applied to *all cases* to which counsel's name was marked on the docket, and his name was so marked in this case, and his clients, the defendants, had been notified of such leave of absence. *Held:* Under these facts it is not made to appear that the court erred in vacating and setting aside the verdict and judgment in the case and in granting a new trial, for the reason that the defendants' unverified plea could have been amended when the case was reached on the call of the appearance docket, and the plea should not have been stricken and the case tried while counsel for the defendants was under leave of absence granted by the court.

*Judgment affirmed. Hodges, J., absent.*

DECIDED DECEMBER 11, 1916.

Complaint; from city court of Jefferson—Judge Mahaffey. April 3, 1916.

*C. N. Davie, Ed. Quillian,* for plaintiff.

*W. W. Stark,* for defendants.