[No. 13501. Department One. December 29, 1916.]

T. S. HILLS *et al.*, *Appellants*, v. THE CITY OF HOQUIAM, *Respondent.*[1]

LIMITATION OF ACTIONS—RUNNING ACCOUNT—ACCRUAL OF ACTION. Where goods were furnished to a city at irregular intervals during a term of years upon separate orders, and no demand made or moneys paid until after the furnishing of the last item, there were no mutual demands and no mutual account that would prevent the running of the statute of limitations as to the earlier items, and the cause is barred as to all goods not furnished within three years prior to the commencement of the action under Rem. Code, § 159.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered October 15, 1915, upon findings in favor of the defendant, in an action on an account, tried to the court. Affirmed.

*James P. H. Callahan,* for appellants.
*Sidney Moor Heath,* for respondent.

PARKER, J.—The plaintiffs, as assignees of Powell & Ross, copartners, commenced this action in the superior court seeking recovery from the city of Hoquiam of the sum of $232.95, the alleged purchase price of goods furnished to the city by Powell & Ross during the nearly six-year period between March 9, 1908, and December 29, 1913. Trial before the court without a jury resulted in findings and judgment in favor of the plaintiffs for the sum of $35 only, being the value

[1]Reported in 161 Pac. 1049.

of goods furnished by Powell & Ross to the city within three years prior to the commencement of the action. From this disposition of the case, the plaintiffs have appealed to this court.

It is contended in appellants' behalf that the trial court erred in holding that their right to recover for the goods furnished to the city prior to three years before the commencement of the action is barred by the three-year statute of limitations, Rem. Code, § 159, this being the city's principal defense.

The facts determinative of the rights of the parties, in so far as the question of the statute of limitations is concerned, may be summarized as follows: During the period of the furnishing of the goods as claimed, Powell & Ross were engaged in the grocery business in the city of Hoquiam. On March 9, 1908, they furnished to the city the first bill of goods, amounting to ninety cents, and on December 29, 1913, they furnished to the city the last bill of goods, amounting to twenty-five cents. Between these dates at somewhat irregular intervals they furnished to the city over two hundred bills of goods, none of which exceeded $7 in amount, the whole totaling $232.95. The goods were all charged against the city upon the books of Powell & Ross as they were furnished, in one account. There is nothing in the record, however, to indicate that the city knew in what manner the goods were charged upon the books of Powell & Ross, or that they claimed the purchase price thereof as one cause of action, until the commencement of this action. It seems plain that no two or more bills of goods were furnished in pursuance of any one contract, express or implied. That is, no one bill had any connection with any other bill, other than by the fact that they were charged by Powell & Ross on their books in one account against the city. The goods consisted of brooms, brushes, mops, soap, gold dust, matches, lanterns, oil, etc., evidently being only such minor articles as were used by the city in the caring for its buildings and bridges.

It is so indicated in the bill of particulars. No demand was ever made, by the rendering of any bill or statement of any nature, for payment of any part of the purchase price of the goods so furnished until in April, 1914, over three months after the furnishing of the last bill of goods. All of the goods were furnished more than three years before the commencement of this action, except goods of the value of $35, for which judgment was awarded appellants as above noticed.

The theory of appellants' claimed right of recovery and avoidance of the effect of the statute of limitations invoked by the city is best shown by the following statement in their counsel's brief:

"Appellants' contention is that there was an open and outstanding account between the parties and as such comprises one transaction until the same shall have been closed by one or the other of the parties. Such an account may run over a period of time so long as there is expectations of future transactions, and the statute of limitations will not begin to run until such account has been closed by one or the other of the parties, which, in this case, would be December 29, 1913."

Counsel relies upon the rule which, as he claims, and we assume for argument's sake, would require appellants to sue for the recovery of the whole of the claimed indebtedness in one cause of action, or, in any event, prevent them from seeking recovery in different suits. We do not think that, solely because appellants may have been so compelled to sue, it follows that the statute of limitations is not a good defense to that part of the indebtedness accruing more than three years before the commencement of this action.

The rule and the reason therefor invoked by counsel for appellants is well stated in the early case of *Guernsey v. Carver*, 8 Wend. 492, 24 Am. Dec. 60, where there was involved an effort to recover by separate suits upon separate items of an account covering a considerable period of time. The case appears not to have been disposed of upon the

3—94 WASH.

theory of the account being a mutual one.   Judge Nelson, speaking for the court, said:

"The whole account being due when the first suit was brought, it should be viewed in the light of an entire demand, incapable of division, for the purpose of prosecution.   The law abhors a multiplicity of suits.   According to the doctrine of the court below, a suit might be sustained (after the whole became due) on each separate item delivered, and if any division of the account is allowable, it must no doubt be carried to that extent.   Such a doctrine would encourage intolerable oppression upon debtors, and be a just reproach upon the law.   The only just and safe rule is to compel the plaintiff on an account like the present to include the whole of it due in a single suit."

In *Williams-Abbott Elec. Co. v. Model Elec. Co.*, 134 Iowa 665, 112 N. W. 181, 13 L. R. A. (N. S.) 529, Chief Justice Weaver, speaking for the court following citation of the *Guernsey* case and other authorities, said:

"These authorities uphold the contention that an account consisting of one or more items, all of which are due and payable, constitutes but one demand; and, if the party to whom the same is due sees fit to bring suit for a part thereof, and recovers judgment, such recovery will be a bar to further suit upon the remainder of the claim."

It seems to us that these observations of the learned writers of those decisions show that the rule is rested upon the rule of public policy which avoids multiplicity of suits so far as possible, rather than upon any strict or technical definition of what is a single cause of action.   Other authorities called to our attention by counsel for appellants touching directly the question of limitation of actions relate to mutual accounts upon which the balance due from one of the parties to the other constitutes the cause of action, rather than the several items from which such balance results.   These authorities seem to be relied upon on the theory that this is in substance a mutual account.   This account, as we have seen, does not consist of mutual debits and credits, there being no charge

by the city against appellants' assignors, not even in the form of a single payment upon the alleged indebtedness. A mutual account within the meaning of Rem. Code, § 166, the balance of which constitutes a single cause of action upon which the statute runs from the furnishing of the last item, is one "where there have been reciprocal demands between the parties." Manifestly this is no such account preventing the running of the statute until the furnishing of the last item. *Garey v. Pasco*, 89 Wash. 382, 154 Pac. 433; *Bank of Blakely v. Buchannon*, 13 Ga. App. 793, 80 S. E. 42; 1, R. C. L. 205; 1 C. J. 598.

It seems clear to us that the judgment must be affirmed. It is so ordered.

MORRIS, C. J., MAIN, CHADWICK, and ELLIS, JJ., concur.