## 15687.  DONALSON, executor, v. BANK OF JAKIN.

JENKINS, P. J.  1.  "A judgment rendered against a party whose sole counsel is absent by express leave of the court is properly vacated and set aside when that fact is properly called to the attention of the court by a timely motion in writing." *McNeill* v. *Morgan*, 8 *Ga. App.* 323, 324; *Jones* v. *Patterson*, 138 *Ga.* 862 (2) (76 S. E. 378); *Clark* v. *Ramsey*, 138 *Ga.* 726-728 (75 S. E. 1128); *Howell* v. *Ware*, 133 *Ga.* 674, 678 (75 S. E. 1112); *Phillips* v. *Taber*, 83 *Ga.* 565 (4), 571, 572 (10 S. E. 870); *White County Bank* v. *Ellison*, 19 *Ga. App.* 78, 79 (90 S. E. 1034).  In the instant motion of a defendant, which is in the nature of a motion to vacate and set aside a verdict and judgment against him on a promissory note for principal, interest, and attorney's fees, the judge certifies that the defendant, who was his own sole attorney at law, had prior to the term at which the judgment was rendered obtained from the judge "a leave of absence from said term-of the court." The verified motion showing that the defendant had relied upon such express leave, that notwithstanding this a verdict and judgment were taken without his knowledge or consent, and that as soon as he knew of the judgment he filed his motion setting up these facts and his previous filing of a meritorious defense, it was error for the judge, hearing the motion in term time after 20-days notice served by rule nisi upon opposing counsel, to dismiss the motion, on demurrer.  Under the particular facts alleged, and certified by the judge, the motion will be treated as in the nature of a motion for a new trial based upon extraordinary grounds, which, in the absence of laches or previous knowledge by the defendant of the verdict and judgment, it was unnecessary to file at the term at which the same were rendered.  Civil Code (1910), §§ 6089, 6092.  Whatever might have been the right of the defendant, if any, under the precedents cited, to proceed in equity to set aside such a verdict and judgment, as one rendered by accident or mistake, he was not precluded from filing the instant motion, showing such meritorious grounds.  See Civil Code, § 5965; *Gillespie* v. *Farkas*, 19 *Ga. App.* 158 (91 S. E. 244).

2.  In the pleadings no question is raised as to the failure of the movant to present a brief of the evidence, nor does the bill of exceptions or the judge's certificate show that such a question was raised in the court below.  For this reason, and under the ruling in *Adams* v. *Overland-Madison Co.*, 27 *Ga. App.* 531 (3) (109 S. E. 413), the failure to file such a brief with the motion in the instant case will not affect the movant's rights in the reviewing court.  Ga. L. 1911, p. 149, Park's Code, § 6090 (a).

3.  The motion, which was sworn to at the time of hearing, set up that the defendant "contends that he has a meritorious defense upon record, which he can substantiate by law and facts," filed to the plaintiff's suit on a promissory note.  It is contended by the plaintiff that the defense was without merit, since the answer was unsworn and merely denied generally the particular paragraphs of the petition.  The answer, however, expressly denied the allegation with regard to notice for attorney's fees.  *Held:* "The plea of a defendant denying liability under those stipulations of the contract which are unconditional must be

verified, or it should be stricken; but a defendant's denial of an alleged liability for attorney's fees, entirely dependent upon the plaintiff's averment that the plaintiff had given the defendant the requisite statutory notice, need not be verified, unless the petition is verified." *Monk* v. *National Bank of Tifton*, 12 *Ga. App.* 253 (2), 256 (76 S. E. 278). The petition in the instant case being unsworn, and the denial of this averment raising an issue, the record showed a legal defense. Moreover, the unverified plea was amendable. *White County Bank* v. *Ellison*, supra. See also *Moore* v. *American Nat. Bank*, 156 *Ga.* 724 (120 S. E. 2), and cases cited.

         *Judgment reversed. Stephens and Bell, JJ., concur.*

         DECIDED FEBRUARY 11, 1925.

Motion to set aside judgment, etc.; from city court of Blakely—Judge Gray. April 21, 1924.

*Erle M. Donalson,* for plaintiff in error.

*Glessner & Collins,* contra.