## HEATH *v.* PHILPOT.

1. Where no question is raised in the trial court on lack of a brief of evidence duly approved and timely filed in connection with a motion for new trial, such omission is no ground to dismiss the writ of error on exception to the overruling of that motion.
2. Where exceptions pendente lite were duly filed, assignments of error on the rulings so excepted to are in time where made in a bill of exceptions taken within thirty days after the overruling of a motion for new trial in the same case, though over thirty days after the rulings first mentioned.
3. If pending a suit for injury to reputation, which action was barred by limitation when commenced, the parties entered into an agreement for payment of money in settlement of the suit and of all other demands, a right of action on such agreement would be a new and distinct cause that could not be added by amendment to the suit for the tort.

No. 5971.    FEBRUARY 25, 1928.

The Court of Appeals (in Case No. 17850) certified the following questions for decision, as necessary to a proper determination of the case:

1. The bill of exceptions contains an assignment of error upon the judgment overruling the defendant's motion for a new trial, and an assignment of error upon an antecedent judgment allowing, over the objections of the defendant, an amendment to the plaintiff's petition. It appears from the bill of exceptions that the motion for a new trial was passed upon without a brief of the evidence having been made or filed. No motion, however, was made to dismiss the motion for a new trial, and the court passed upon the merits of the motion and overruled it. It also appears from the record that the antecedent ruling excepted to was made on September 20, 1926, that exceptions pendente lite to that ruling were approved and filed on October 6, 1926, that the motion for a new trial was overruled on November 13, 1926, and that the final bill of exceptions was certified on December 10, 1926. It also appears from the record that the antecedent ruling excepted to entered into and affected the final result of the case. The defendant in error has filed in this court [Court of Appeals] a written motion to dismiss the bill of exceptions upon the following grounds: "1. Because plaintiff in error did not prepare and file and have approved a brief of the evidence adduced upon the trial of this case, as required under the specific terms of the order or rule nisi

Appeal and Error, 3 C. J. p. 886, n. 89; p. 1395, n. 30.
Limitations of Actions, 37 C. J. p. 1076, n. 40.

issued upon said motion for new trial; and such brief of evidence being an indispensable part of said motion for new trial, and essential to its validity, there was and is no motion for new trial before the lower court or before this court. 2. Because it appears from the record in this case that plaintiff in error is seeking to have this court review and reverse a ruling of the lower court upon said motion for new trial, not upon any meritorious grounds of the said motion, but upon errors alleged to have been committed and set forth in exceptions pendente lite appearing in the record, and without regard to the validity of the said motion for new trial; that, there being no valid motion for new trial, the exceptions pendente lite are not properly before the court. 3. Because in the said bill of exceptions error is not assigned upon the exceptions pendente lite of file, but upon the original rulings of the lower court therein referred to, and which direct exceptions are made too late and not within the time allowed by law." Should the motion to dismiss the bill of exceptions be granted?

2. If the preceding question be answered in the negative, then an answer is requested to the following question: This was an action sounding in tort, in which the plaintiff sought to recover damages from the defendant for injury to her reputation and character. When she brought her suit to the superior court of Richmond County her right of action was barred by the statute of limitations, but while the suit was pending the plaintiff and the defendant entered into the following written contract:

"Gertrude Philpot v. Robert S. Heath.

"In the Superior Court of Richmond County. November term, 1922.

"This instrument witnesseth: that an adjustment of the above-stated case has been made between the parties upon the following terms, to wit; the defendant is to pay the plaintiff $250.00 within ten days from date hereof, and $250.00 on or before March 1, 1926. Said payments, if made, shall be in full settlement not only of the above-stated case, but in full of all debts, dues, and demands of whatsoever kind or character the plaintiff may have against the said defendant, growing out of a marriage ceremony between said parties on the 6th day of February, 1926.

"Gertrude Philpot. R. E. Heath.

"Paul T. Chance, atty. for plaintiff. Pierce Bros., atty. for defendant."

Subsequently the defendant pleaded the statute of limitations, and when the case was called for trial the plaintiff offered an amendment to her petition, setting up the above-stated contract, and alleging that it had revived her right of action, and praying that she be allowed to proceed to recover the sum of $500, the amount that she was entitled to under the contract, the defendant having failed to live up to such contract and having paid her nothing. The defendant objected to the allowance of the amendment, on the ground that a cause of action sounding in tort, being once barred by the statute of limitations, can not be revived by a written contract; and that the written contract set up in the amendment could not revive the plaintiff's right of action, because it appeared that the alleged contract was without consideration, and if it amounted to "anything at all, it was a separate and distinct agreement, and could not be substituted as the gravamen of said suit and judgment obtained thereon, but if plaintiff was entitled to any rights thereunder the same would have to be asserted in another proceeding." These objections were overruled, and the amendment was allowed. Was that judgment correct?

*Pierce Brothers,* for plaintiff in error. *Paul T. Chance,* contra.

ATKINSON, J. 1. In section 3 of the act approved August 21, 1911 (Acts 1911, p. 149; Park's Code (1914), § 6090(a); Michie's Code, § 6092(1)), it is declared: "Where the judge has finally passed on the merits of a motion for a new trial, and the parties have raised no question as to the sufficiency of the approval of the grounds of such motion, or of the approval of the brief of evidence, or of the filing of such motion or brief, or of the jurisdiction of the judge to entertain the motion at the time he did, if the parties acquiesced in his entertaining it at that time, no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted on before the trial judge." Giving due weight to the words, "or of the approval of the brief of evidence, or of the filing of such . . brief," considered in connection with the context, the failure to file an approved brief of the evidence as a part of the motion for new trial can not be urged for the first time by the respondent in the motion for new trial, in a motion before the reviewing court, as ground for dismissal of the bill of exceptions sued out by the movant assigning error on the refusal of the trial court to grant the motion for new

trial. Where a motion for new trial has been decided upon its merits and a new trial refused without any motion having been made before the trial court to dismiss the motion for new trial on the ground that there was no brief of evidence, the reviewing court on a motion to dismiss the bill of exceptions will consider the motion for new trial as sufficient to authorize an assignment of error upon the judgment refusing a new trial, notwithstanding a brief of evidence may not have been made, approved, or filed as a part of the motion for new trial. The case differs from *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545), and *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907), in which the judge dismissed the motion for new trial without finally passing "on the merits of" the motion.

2. It was ruled in *Alexander* v. *Chipstead,* 152 *Ga.* 851 (111 S. E. 552) : "By the act of August 15, 1921 (Ga. Laws 1921, p. 233), when the final bill of exceptions shows that exceptions pendente lite were properly filed in the trial court, and when the contents of such exceptions pendente lite are recited in the bill of exceptions, or a copy thereof appears in the transcript of the record, an assignment of error in the final bill of exceptions, either upon the exceptions pendente lite or upon the rulings therein excepted to, is sufficient; and this act, being remedial in its nature, applies to bills of exception sued out and certified before its passage. . . Independently of said statute, an assignment of error on the rulings excepted to in exceptions pendente lite, and not on such exceptions themselves, is a good assignment of error." Under the principle just announced, and in the circumstances stated, where a bill of exceptions duly assigns error on a judgment refusing a new trial, and also upon an antecedent ruling to which exceptions pendente lite had been duly taken, the bill of exceptions will be sufficient to bring under review the assignment of error upon the judgment denying the motion for new trial and also the assignments of error either on the exceptions pendente lite or assignments of error made directly upon the antecedent ruling complained of in the exceptions pendente lite, where the bill of exceptions was presented to the judge within the time allowed by law for excepting to a judgment granting or refusing a new trial, notwithstanding the bill of exceptions was not presented to the judge within 30 days from the date of the antecedent ruling.

Under the principles announced in the preceding divisions, the writ of error in the present case should not be dismissed upon the grounds set out in the first question propounded by the Court of Appeals.

3. "If the right of action be once barred in the case of *a tort,* no subsequent acknowledgment will take it out of the express language of the statute of limitations." *Goodwyn* v. *Goodwyn,* 16 *Ga.* 114. On the subject generally see 37 C. J. 1096, § 565, note 44. If an agreement to pay a less sum in settlement than the amount claimed as damages in an action for a tort (injury to reputation) that was barred by the statute of limitations would afford ground for a cause of action, it would be a new cause of action, which could not be added by amendment to the original petition in the action based on the tort. The case does not fall within the principle of the sections 4383 and 4386 of the Code of 1910, relating to revival of causes of action that are barred by the statute of limitations by "a new promise," nor does it fall within the principle ruled in *Shumate* v. *Ryan,* 127 *Ga.* 118 (56 S. E. 123), that "When an action is brought upon a debt, and the defendant pleads a discharge in bankruptcy, the plaintiff may amend his petition by alleging a new promise to pay, made after the adjudication in bankruptcy and before the suit on the debt was brought." Those statutes and that decision refer to a "new promise" as distinguished from the original promise expressed in the contract, and do not purport to relate to revival of a cause of action based on tort. It was erroneous, in the circumstances stated in the second question propounded by the Court of Appeals, to allow the amendment to the original petition.

*Questions answered in negative. All the Justices concur.*