### 17850. HEATH *v.* PHILPOT.

BROYLES, C. J. 1. "Where a motion for new trial has been decided upon its merits and a new trial refused without any motion having been made before the trial court to dismiss the motion for new trial on the ground that there was no brief of evidence, the reviewing court on a motion to dismiss the bill of exceptions will consider the motion for new trial as sufficient to authorize an assignment of error upon the judgment refusing a new trial, notwithstanding a brief of evidence may not have been made, approved, or filed as a part of the motion for new trial."

2. "Where a bill of exceptions duly assigns error on a judgment refusing a new trial, and also upon an antecedent ruling to which exceptions pendente lite had been duly taken, the bill of exceptions will be sufficient to bring under review the assignment of error upon the judgment denying the motion for a new trial and also the assignments of error either on the exceptions pendente lite or assignments of error made directly upon the antecedent ruling complained of in the exceptions pendente lite, where the bill of exceptions was presented to the judge within the time allowed by law for excepting to a judgment granting or refusing a new trial, notwithstanding the bill of exceptions was not presented to the judge within 30 days from the date of the antecedent ruling."

3. "If an agreement to pay a less sum in settlement than the amount claimed as damages in an action for a tort (injury to reputation) that was barred by the statute of limitations would afford ground for a cause of action, it would be a new cause of action which could not be added by amendment to the original petition in the action based on the tort."

4. The preceding rulings are quoted from the decision of the Supreme Court in this case, in answer to questions certified by this court. 165 *Ga.* 844 (142 S. E. 283). Under the rulings in the first and second paragraphs the motion to dismiss the bill of exceptions is denied; and under the ruling stated in paragraph 3, the court erred in allowing the amendment to the original petition; and that error rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

Decided April 10, 1928.

*Pierce Brothers,* for plaintiff in error.
*Paul T. Chance,* contra.