20070. COWLES v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK.

BROYLES, C. J. 1. "A mutual account is one based on a course of dealing, wherein each party has given credit to the other, on the faith of indebtedness to him." Gunn v. Gunn, 74 Ga. 555.

2. "In order for such mutuality of account to exist as will arrest the bar of the statute of limitations, each party to the account must extend credit to the other on the faith of an admitted indebtedness [italics ours] on his part which affords the basis of credit to the other party. To bring an account, otherwise barred, within the exception recognized in cases of mutual accounts, it is not enough to show that there are two accounts. It is essential that the proof show that the indebtedness of each party, from which the account arose, was the result of a course of dealing in which credit was extended on the faith of indebtedness to him." Smith v. Hembree, 3 Ga. App. 510 (60 S. E. 126); Mobley v. Pendergrast, 8 Ga. App. 565 (70 S. E. 18).

3. "It can not be held that there are mutual accounts where one party denies liability on the claim of the other, and credit is given to such party with full knowledge of the fact that it is clearly against his intention that the account shall be so applied." 37 C. J. 871, § 234, note 41, and cit.

4. Where it affirmatively appears from a plea alleging a counter-claim or set-off, based upon an alleged mutual account between the parties, that there was no such account, the plea is properly stricken on general demurrer. See Mobley v. Pendergrast, supra.

5. Under the above-stated rulings and the facts of the instant case, the pleas denying the right of the plaintiff to recover, and setting up a counter-claim or set-off, were insufficient to show any legal defense to the suit, and the court properly sustained the general demurrers to the pleas. The subsequent verdict and judgment in favor of the plaintiff were not error.

Judgment affirmed. Luke and Bloodworth, JJ., concur.

DECIDED DECEMBER 10, 1929.

Spence & Spence, for plaintiff in error.
Bryan & Middlebrooks, contra.