## 24076. MARKS *v.* MAXWELL BROTHERS FURNITURE COMPANY.

Decided January 7, 1935.

*Pierce Brothers,* for plaintiff in error. *W. D. Lanier,* contra.

Jenkins, P. J. 1. Under the act of 1911 (Ga. L. 1911, pp. 149, 150; Park's Code, § 6090(a) ; Michie's Code, § 6092(1)), "where the judge has finally passed on the merits of a motion for a new trial and the parties have raised no question as to the . . approval of the brief of evidence, . . no question as to these matters shall be entertained by the reviewing courts unless first raised and insisted upon before the trial judge." Where counsel and the judge so deal with a motion for new trial and brief of evidence, and the judge denies the motion on the merits without any question being raised as to his approval of the brief, this court will not consider the question as to whether the brief has been approved. The motion to dismiss the bill of exceptions on the ground that the brief of evidence was not approved must, therefore, be denied, and this court will consider the brief of evidence, specified in the bill

of exceptions as the brief of evidence in the case, certified by the clerk of the trial court, and referred to and quoted from in the briefs of counsel on both sides. *Price* v. *State,* 170 *Ga.* 294, 296 (152 S. E. 572) ; *Heath* v. *Philpot,* 165 *Ga.* 844, 846, 847 (142 S. E. 283) ; 38 *Ga. App.* 74 (142 S. E. 750) ; *Friedman* v. *Martin,* 43 *Ga. App.* 678 (160 S. E. 126) ; *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 (2) (127 S. E. 229) ; *Adams* v. *Overland-Madison Co.,* 27 *Ga. App.* 531 (3) (109 S. E. 413) ; *Hartman* v. *Citizens Bank & Trust Co.,* 47 *Ga. App.* 562 (171 S. E. 195). Cases relied upon as holding to the contrary did not involve a motion for new trial, or were determined prior to the amendatory act of 1911. See *Silvey* v. *Brown,* 137 *Ga.* 104 (3) (72 S. E. 907).

2. Actions on open accounts are barred by the statute of limitations after four years from the accrual of the right of action. Civil Code (1910), § 4362. But in a mutual account, where there has been no accounting or liquidation of the indebtedness or similar act to create a new point from which the statute could begin to run, the statute does not run except from the date of the last item of the account. *Madden* v. *Blain,* 66 *Ga.* 49, 52; *Gunn* v. *Gunn,* 74 *Ga.* 568 (58 Am. R. 447) ; *Walker* v. *Mercer,* 41 *Ga.* 44; *Youmans* v. *Moore,* 11 *Ga. App.* 66 (74 S. E. 710) ; Civil Code (1910), § 4363. In the instant case there were not merely entries of credits of partial payments by the defendant, but, according to his answer and testimony, there was a mutual account based on a course of dealing wherein each party had given credit to the other on the faith of indebtedness to him, within the rule applied in such cases. *Wagner* v. *Steele,* 117 *Ga.* 145 (43 S. E. 403) ; *Gunn* v. *Gunn,* supra; *Adams* v. *Holland,* 101 *Ga.* 43, 46 (28 S. E. 434) ; *Kirven* v. *Thornton,* 110 *Ga.* 276 (34 S. E. 848) ; *Smith* v. *Hembree,* 3 *Ga. App.* 510 (60 S. E. 126) ; *Bank of Blakely* v. *Buchannon,* 13 *Ga. App.* 795 (80 S. E. 42). A verdict was therefore not demanded for the defendant upon his contention that all the items of the plaintiff's account were barred. Except as to one item of seven dollars, as to which the defendant's testimony that he had returned the article to the plaintiff was not controverted, the testimony was conflicting as to whether indebtedness of the plaintiff offset the amount due by the defendant. This court can not, therefore, set aside the judgment rendered in favor of the plaintiff by the trial judge, sitting without a jury, except as to this seven-dollar item

and seven per cent. interest thereon from May 30, 1929, to December 5, 1933. If the plaintiff will write off this illegal item and interest thereon on or before the time when the remittitur is made the judgment of the trial court, the judgment refusing a new trial will be affirmed, otherwise reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*