## 25445. STAINBACK *et al.* v. DUNN.

JENKINS, P. J. 1. No question is raised in the pleadings as to the failure of the movant to present a brief of the evidence. It is not shown in the bill of exceptions or judge's certificate that such a question was raised in the court below. For this reason, the failure to file such a brief with the motion for new trial in this case will not affect the movant's right to a review by this court. *Adams* v. *Overland-Madison Co.,* 27 *Ga. App.* 531 (3) (109 S. E. 413); *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 (2) (127 S. E. 229); *Marks* v. *Maxwell Furniture Co.,* 50 *Ga. App.* 325 (177 S. E. 920); Code of 1933, § 6-805. The result of the absence of a brief of the evidence, where its absence has not been questioned in the trial court, and of the absence of the complete evidence from the bill of exceptions, is not the dismissal of the case, but the affirmance of a judgment refusing a new trial on the general grounds or on any special ground requiring reference to the entire evidence. There-

fore the instant motion to dismiss the writ of error because of the absence of a brief of the evidence must be denied; but any exception which requires a consideration of all the evidence must be determined adversely to the plaintiff in error, unless such evidence, properly authenticated, appears in the record.

2. The petition, suing a maker and the plaintiffs in error as indorsers, on a promissory note, stated a cause of action. It was not subject to the general demurrer of the indorsers on the grounds that it showed payments of interest in advance by the maker; that such payments constituted a renewal of the note; and that the petition did not show any consent by the indorsers to a renewal. The mere fact that the note bore the entry, "Int. paid to Jany. 1, 1934," a date more than a year before the suit, did not indicate any "*Prepayment* and acceptance of interest to a given time, on a note past due," so as to raise by implication a presumption "of a contract for indulgence until the time . . expired," in the absence of any proved stipulation to the contrary, within the rule stated in *Randolph* v. *Fleming*, 59 *Ga.* 776 (2), 778. A mere payment and acceptance of *past-due interest*, or mere indulgence, will not discharge from liability the surety on a note. See *Bunn* v. *Commercial Bank of Cedartown*, 98 *Ga.* 647, 650 (26 S. E. 63); *Crawford* v. *Gaulden*, 33 *Ga.* 173 (3-5); *Ver Nooy* v. *Pilner*, 17 *Ga. App.* 229 (3) (86 S. E. 456); *Matthews* v. *Richards*, 13 *Ga. App.* 412 (2) (79 S. E. 227).

3. Where a party submits to a ruling sustaining a demurrer to his pleading, by filing an amendment to meet the grounds of demurrer, he can not afterwards insist upon an assignment of error on exceptions pendente lite to the ruling on the demurrer. *Sherling* v. *Continental Trust Co.*, 175 *Ga.* 672 (165 S. E. 560); *McConnell* v. *Frank E. Block Co.*, 26 *Ga. App.* 550 (106 S. E. 617); *Smith* v. *Bugg*, 35 *Ga. App.* 317 (133 S. E. 49). The plaintiffs in error, having filed an amendment to their answer in order to meet the order sustaining a demurrer to certain paragraphs, can not now complain that the order was erroneous.

4. As to the remaining exceptions, relating to the refusal of a new trial on the general grounds, not only was there no approved brief of the evidence, but the bill of exceptions does not recite that the testimony contained therein was all that was introduced at the trial or is all that is necessary to determine the general grounds. The burden was on the plaintiffs in error, the indorsers, to show error because a verdict in their favor was demanded. According to the record, the plaintiff made out a prima facie case by the introduction of the note. Since it is not shown that the bill of exceptions contains all the evidence pertinent to the contention of the indorsers that the payment and acceptance of seven years' interest without their consent released them from liability, the judgment refusing a new trial must be affirmed. Moreover, even if the testimony in the bill of exceptions could be taken as the entire evidence material to this contention, this testimony failed to show a valid defense. The burden of proving the affirmative defense pleaded was upon the indorsers, after the introduction of the note in evidence. It contained merely the general entry, above quoted, as to the payment of interest. One indorser, corroborated by another absent indorser, whose

testimony it was stipulated should be considered, testified only that "he had not been approached by any one since the maturity of the note, and that no one had ever discussed with him about extending the time of payment, nor had he ever agreed to extend the time of payment past May 1, 1927," the date of maturity. This testimony wholly failed to show any renewal of the note or any other valid contract for indulgence, implied or express, without the consent of the indorsers. For this additional reason, the court did not err in refusing a new trial.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JUNE 9, 1936.

*Spence & Spence,* for plaintiffs in error.
*Francis Y. Fife, George B. Tidwell,* contra.