## 35963.  PERRY *v.* LAURENS HARDWARE CO.

DECIDED JANUARY 25, 1956.

*C. C. Crockett, Aretha M. Smith,* for plaintiff in error.

*J. A. Merritt,* contra.

QUILLIAN, J.  1.  The plaintiff concedes that if the account sued on was an open account the action was barred by the statute of limitation and the demurrer was properly sustained.  He contends, however, that the account sued on was a mutual account, that title to the refrigerator passed to the defendant when she bought it on credit from the plaintiff, and it was charged to her account; that when she returned it and was credited with its value she really sold it back to the plaintiff; that this showed that the course of dealings between the parties had not terminated at that time which was less than four years before the filing of the suit.  The plaintiff attaches significance to the fact that the defendant was given credit for less than the purchase price of the same charged against her for that item of the account.

If the return of the refrigerator had the effect of transforming the open account of which it was one of the items into a mutual account, the plaintiff's case would be saved from the statute of limitation which would not be set in motion until the date of the last item of the mutual account; the credit would have been the last item and its date was less than four years before the suit was filed.

With respect to mutual accounts, the statute begins to run from the date of the last item embraced in the mutual dealings. *Adams v. Holland,* 101 *Ga.* 43 (2) (28 S. E. 434); *Marks v. Maxwell Bros. Furniture Co.,* 50 *Ga. App.* 325 (177 S. E. 920). The last sentence of Code § 3-707 provides that mere credits of partial payments will not suffice "to make a mutual account." A case precisely in point and controlling in the instant case is *Mobley, Ward & Davis v. Pendergrast,* 8 *Ga. App.* 565 (1) (70 S. E. 18), which holds, "The counter-claim in favor of the defendant which will relieve a plaintiff's demand from the bar of the statute of limitations must be one dependent upon a demand based on the extension of credit by such debtor to the creditor whose claim is sued on. To constitute that mutuality of accounts which will relieve the bar of the statute of limitations there must be something more than the mere allowance of a credit item on behalf of the debtor; the debtor must extend credit to his creditor, or the creditor is some way become indebted to his debtor on his own account, and, in the face of his own credit and liability, promise to pay, or no mutuality of account exists."

A similar pronouncement is found in *Brazell v. Hearn,* 33 *Ga. App.* 490 (127 S. E. 479).

2. Moreover, it is perfectly obvious that if the return of the refrigerator could be considered in any sense a sale, it was not a transaction in which the defendant extended any credit to the plaintiff, since the petition does not contain even an allegation, nor as for that matter even an intimation, that the defendant did not receive credit for the value of the refrigerator immediately upon its return. It was immaterial whether the defendant was given credit in the same or at an amount different from the price at which the refrigerator was sold by the plaintiff to the defendant. In order for a mutual account to exist there must be the reciprocal extension of credit between the parties, so that each becomes both creditor and debtor of the other. Code § 3-707; *Turner v. Davidson,* 188 *Ga.* 736, 742 (4 S. E. 2d 814, 125 A. L. R. 401); *Cowles v. Mutual Life Ins. Co.,* 40 *Ga. App.* 632 (2, 3) (150 S. E. 868).

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*